576 So.2d 848 (1991)
STATE of Florida, DEPARTMENT OF REVENUE, Appellant,
v.
James E. BROCK, et al., Appellees.
No. 90-541.
District Court of Appeal of Florida, First District.
March 18, 1991.
*849 Robert A. Butterworth, Atty. Gen., Kevin J. O'Donnell and James F. McAuley, Asst. Attys. Gen., Tallahassee, for appellant.
Thomas F. Woods and Alex D. Barker of Gatlin, Woods, Carlson and Cowdery, Tallahassee, for appellees.
PER CURIAM.
In this appeal, the Department of Revenue challenges a circuit court's final order permanently enjoining the Department from collecting a gross receipts tax from appellees, representatives of Florida's hotel and motel industry. We reverse the circuit court's order because it granted relief to appellees without first requiring them to exhaust adequate and available administrative remedies.
In August 1989, the Department sent notice to all operators of hotel, motel and transient rental facilities informing them that they must begin collecting gross receipts tax on all local and long distance telephone service charges separately billed to their tenants. Before they were to begin collecting the tax, appellees, Florida Hotel & Motel Association and three hotel operators, filed a complaint in circuit court to enjoin the Department from collecting the tax. According to appellees, the Department's notice was tantamount to a repeal of the hotel and motel industry's statutory exemption from the tax. This exemption excluded from gross receipts "[c]harges made by hotels and motels... for local telephone service or toll telephone service, when such charge occurs incidental to the right of occupancy in such hotel or motel." § 203.012(2)(b)3., Fla. Stat. (1989) (emphasis added).
After a hearing, the circuit court issued a temporary injunction ordering appellees to collect the tax from their tenants and place the proceeds in escrow. The injunction did not preclude the Department from adopting a rule on the tax. In fact, the circuit judge stated that he granted the temporary injunction "to encourage the Department to file in the normal course of business, a proposed rule and give notice to the public."
In October 1989, the Department promulgated a rule detailing its position on the tax. The pertinent portion of the rule recites the exemption language in section 203.012(2)(b)3., but goes on to state that separately billed charges are not "incidental to the right of occupancy." Fla. Admin. Code Rule 12B-6.001(1)(c)3.a. and b. Under this rule, separately billed charges would not be within the statutory exemption from gross receipts tax because such charges were not "incidental to the right of occupancy."
Appellees initiated a challenge to the proposed rule, which prompted the Department to move for a stay of the circuit court proceedings. On November 3, 1989, one day after the Department moved for a stay, appellees asked the circuit court to issue a permanent injunction. The Department responded with a motion to dissolve the temporary injunction based upon the appellees' failure to exhaust administrative remedies.
At a hearing on November 17, 1989, the appellees argued that telephone access in a hotel room was nonessential and subordinate to the provision of lodging. Because the telephone was "incidental" according to the plain meaning of that term, the charges were exempt under section 203.012(2)(b)3. *850 The Department responded that the appellees' expansive definition of "incidental" effectively transformed the limited exemption conferred by the legislature into an absolute exemption. More significantly, the Department argued that the proper place to resolve the dispute was in the ongoing administrative proceedings. While the circuit court was considering the matter, the appellees' rule challenge was dismissed and the Department's proposed rule became effective.
On January 30, 1990, while the dismissal of appellees' rule challenge was pending in this court, the circuit court permanently enjoined the Department from collecting the gross receipts tax on telecommunication service from operators of transient rental facilities. The court accepted the appellees' argument, and based its decision upon the plain meaning of the word "incidental." Soon after obtaining the permanent injunction, appellees' dismissed the appeal that they had filed with this court challenging the dismissal of their proposed rule challenge. The Department now seeks review of the circuit court's permanent injunction.
We are well aware that the doctrine requiring the exhaustion of administrative remedies is not jurisdictional. The exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power. Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, 361 So.2d 695 (Fla. 1978); Florida Society of Newspaper Editors, Inc. v. Florida Public Service Commission, 543 So.2d 1262 (Fla. 1st DCA), rev. denied, 551 So.2d 461 (Fla. 1989). Its purpose is to assure that an agency responsible for implementing a statutory scheme has a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue. Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153, 158 (Fla. 1982), quoting with approval Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66, 69 (Fla. 1st DCA 1981). In this manner, the exhaustion requirement permits full development of the facts, allows the agency to employ its discretion and expertise, and helps preserve executive and administrative autonomy. McKart v. United States, 395 U.S. 185, 193-94, 89 S.Ct. 1657, 1662-63, 23 L.Ed.2d 194 (1969).
In certain situations, a party may pursue judicial relief without first exhausting administrative remedies. One such exception to the exhaustion doctrine exists where the agency is alleged to have acted without colorable statutory authority and in excess of its delegated powers. Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787, 796 (Fla. 1st DCA 1982), rev. denied, 436 So.2d 98 (Fla. 1983). This narrow exception is inapplicable, and exhaustion of administrative remedies will be required, where the agency's assertion of jurisdiction has apparent merit or depends upon some factual determination. Id. at 796-97. In the instant case, this exception is suggested by the nature of appellees' challenge; i.e., that the Department was without authority to require collection of the tax because this would amount to a repeal of the hotel and motel industry's statutory exemption.
Upon closer examination, however, it is clear that the Department did not act without colorable statutory authority. The Department is authorized to adopt rules to carry out the intent and purposes of the revenue laws. § 213.06(1), Fla. Stat. (1989). Far from repealing section 203.012(2)(b)3., the Department's rule recites the statute and interprets the limited exemption that is provided under its terms. Although statutory construction is ultimately the province of the judiciary, it should not be undertaken without first giving the agency an opportunity to explain its interpretation and to create a record in an administrative forum.
We are aware that, as a prudential doctrine, the exhaustion requirement is not always applied. Yet, we think its application particularly appropriate in the instant case. The record reveals that the Department promulgated a rule setting forth its *851 position. Although this made it possible for appellees to pursue administrative remedies, they chose not to persevere with their challenge to the Department's rule. This decision prevented the Department from elucidating its rule on a proper factual record, and resulted in the issuance of a permanent injunction based on little more than the trial judge's impression that telephone service is incidental to hotel and motel accommodations. It is precisely this kind of situation that the exhaustion doctrine is designed to avoid.
Accordingly, the trial court's order permanently enjoining the Department is REVERSED.
MINER and WOLF, JJ., and WENTWORTH, Senior Judge, concur.