633 So.2d 76 (1994)
STATE of Florida DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., Appellants,
v.
P Z CONSTRUCTION COMPANY, INC., Appellee.
Nos. 93-1544, 93-1761.
District Court of Appeal of Florida, Third District.
February 22, 1994.
Rehearing Denied March 29, 1994.
*77 Robert A. Butterworth, Atty. Gen., Tallahassee, and Cecily Robinson-Duffie, Asst. Atty. Gen., Miami, Thomas M. Beason, West Palm Beach, for appellants.
Hall and O'Brien and Ian J. Kukoff and Andrew Hall, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
The State of Florida, Department of Environmental Protection, appeals from a nonfinal order granting an emergency injunction to the operators of a waste management facility. For the following reasons, we reverse.
As a consequence of Hurricane Andrew, the Department issued emergency orders allowing certain waste facilities to operate without the customary permits in order to deal with the disaster debris. The United States Army Corps of Engineers awarded contracts for the processing and disposal of the debris; one of those contracts was awarded to PZ Construction Company. PZ received over 500,000 tons of debris at its site in South Dade County. It separated the material into soil, wood, metals, construction debris, and solid waste. The bulk of the material on the site consisted of reclaimed soil stored in a berm and slated for distribution to farms in South Dade to replace topsoil lost in the storm. The Department inspected the site and determined that PZ was not operating in an environmentally safe manner. On March 10, 1993, the Department sent PZ a letter setting forth its concerns, and ordered it to cease operations and remove all waste from the site. The emergency permit was due to expire on April 1; the Department had determined that it was not likely that it would issue PZ a regular permit or that PZ would have finished operations by then. The Department then asked the Army Corps of Engineers to stop making deliveries to PZ's site. In its March 10 letter, the Department notified PZ of its right to an administrative hearing pursuant to Chapter 120, Florida Statutes, within 21 days of receiving the letter.
PZ filed a petition for an administrative hearing. On April 9, 1993, PZ also filed in Dade Circuit Court a Complaint for Temporary and Permanent Injunctive Relief, Declaratory Judgment and Money Damages against the Department and two of its employees, Mary Williams, Director of District Management for the Department's Southeast District Office, and Joseph Kahn, Director of Solid Waste for the Southeast District Office. The complaint asked the court to restrain the Department from interfering with PZ's disposition of Hurricane Andrew debris, and sought damages for libel and tortious interference with its contract with the Corps of Engineers. The Department moved to dismiss the complaint for PZ's failure to exhaust its administrative remedies. Although the trial court indicated that it would deny the motion, it never entered a written order.
PZ filed its Motion for an Emergency Injunction, alleging that its lease on the waste processing site would expire on June 30, 1993, and that the Department could not complete an administrative review by then. PZ further alleged that in order to shut the site down it would have to move all of the materials on the site to a landfill, and that the reclaimed soil, deemed unfit by the Department, would be wasted, causing an irreparable loss to Dade County's farming community, and of course, financial injury to PZ.
*78 At a series of hearings on the motion, both the Department and PZ presented reams of highly technical evidence on whether the soil destined for the farmlands contained contaminants and posed a danger to the public health and the environment.[1] Each party faulted the other's testing protocols and findings; the Department even questioned whether the soil which PZ tested was the soil destined for distribution. The trial court assumed jurisdiction over the question of whether, and how, materials on the site would be distributed, and determined that PZ had satisfied all the requisites for injunctive relief. It entered an injunction which ordered that PZ be allowed to distribute the soil as planned, "in light of the overwhelming evidence presented that the soil does not contain any contaminants which will be hazardous to the general public or the environment," and because disposing of the reclaimed soil in a landfill would be "utterly wasteful." The Department appealed; we reverse.[2]
The trial court erred in granting the relief requested.[3] "[W]here adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted." Communities Financial Corp. v. Department of Environmental Regulation, 416 So.2d 813, 816 (Fla. 1st DCA 1982) (citations omitted). Declaratory and injunctive relief is available as a remedy for adverse administrative action "only in those extraordinary cases where a party has no other adequate administrative remedy to cure egregious agency errors or where a party's constitutional rights are endangered," Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 433 (Fla. 3d DCA 1978), or "where the agency is alleged to have acted without colorable statutory authority and in excess of its delegated powers." Department of Revenue v. Brock, 576 So.2d 848, 850 (Fla. 1st DCA), rev. denied, 584 So.2d 997 (Fla. 1991). PZ alleged that the Department's action was arbitrary and capricious; the trial court found that the Department had denied the company due process and equal protection. There are no allegations of egregious agency action that would amount to constitutional violations, and no record support for the court's findings. The Department afforded PZ due process by providing notice and an opportunity to be heard. PZ invoked its right to a Chapter 120 hearing, but abandoned it. PZ did not allege or establish, nor could it, that the Department acted without colorable authority. The Department is charged with the statutory duty to control and prohibit pollution. Chapter 403, Florida Statutes. The action it proposed was within its statutory and administrative authority. See Chapter 403, Florida Statutes (1991); Chapter 17-701, Florida Administrative Code.[4]
An exception to the exhaustion doctrine exists "where agency actions are so egregious or devastating that the promised administrative remedies are too little or too late." Communities Financial Corp., 416 So.2d at 816. PZ did not establish that the *79 administrative review process would afford no meaningful relief. A court should not infer that an administrative remedy is not available in the absence of a showing that the party seeking relief has pursued the administrative remedy without success. Florida Soc'y of Newspaper Editors, Inc. v. Public Serv. Comm'n, 543 So.2d 1262 (Fla. 1st DCA), rev. denied, 551 So.2d 461 (Fla. 1989); Communities Financial Corp., 416 So.2d at 816. PZ made no showing that it would not be able to persuade the Department in the time between March 10 and June 30, 1993 that the reclaimed soil was not contaminated and would not pose a threat to the public's health or to the environment. The company opted not to pursue its administrative avenues of relief; "we cannot conclude that the remedies of the administrative process were inadequate." 416 So.2d at 816.
The record of the hearings before the Circuit Court presents the quintessential reason why parties who wish to contest agency action are required by Chapter 120 to exhaust their administrative remedies before seeking judicial relief. The Circuit Court is not an "appropriate forum for resolution of disputes which are particularly within the administrative agency's expertise." Id. The purpose of the exhaustion doctrine is:
to assure that an agency responsible for implementing a statutory scheme has a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue. In this manner, the exhaustion requirement permits full development of the facts, allows the agency to employ its discretion and expertise, and helps preserve executive and administrative autonomy.
Brock, 576 So.2d at 850 (citations omitted). This case involved complexities of public health and environmental safety which fall squarely within the expertise of the Department.
The order granting the emergency injunction is reversed and the cause remanded with directions to dismiss.[5]
NOTES
[1] For example, PZ presented evidence on the levels of organic compounds including pesticides, PCBs, volatile organisms or semi-volatile compounds (including polynuclear aromatic hydrocarbons), and the level of barium, cadmium, lead, mercury, nickel, silver, and arsenic.
[2] PZ sought injunctive relief against only the Department. However, the order granting the injunction contains findings adverse to the individual defendants and the Department. The Department and the individuals filed separate notices of appeal; the two appeals were consolidated.
[3] Although often couched in jurisdictional terms, "the doctrine requiring the exhaustion of administrative remedies is not jurisdictional. The exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power." Department of Revenue v. Brock, 576 So.2d 848, 850 (Fla. 1st DCA), rev. denied, 584 So.2d 997 (Fla. 1991) (citations omitted).
[4] There was no final agency action to enjoin. The Department had not taken any final action; any proposed action was suspended by PZ's request for a hearing. The Department's March 10 letter, irrespective of its tenor, reflected only proposed agency action; the action outlined in the letter would have become final only if no hearing was requested. Capeletti Bros., Inc. v. Department of Transp., 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979). Furthermore, jurisdiction to review final agency action is vested exclusively in the district courts of appeal, except for those matters in which judicial review by the supreme court is provided. § 120.68(2), Fla. Stat. (1993).
[5] The dismissal shall be without prejudice to PZ to pursue administrative remedies.