689 So.2d 1127 (1997)
BANKERS INSURANCE COMPANY, Appellant,
v.
FLORIDA RESIDENTIAL PROPERTY & CASUALTY JOINT UNDERWRITING ASSOCIATION, AIB Insurance Group, Inc., Audubon Insurance Company, and American International Insurance Company, Appellees.
No. 96-1120.
District Court of Appeal of Florida, First District.
February 25, 1997.
Rehearing Denied April 7, 1997.
Douglas A. Mang, Wendy Russell Wiener, and Connie Jo Pecori of Mang & Rett, P.A., Tallahassee, for Appellant.
Stuart B. Yanofsky and Michael E. Colodny of Colodny, Fass & Talenfeld, P.A., Fort Lauderdale, and Fred E. Karlinsky, Associate General Counsel, Tallahassee, for Appellee Florida Residential Property & Casualty Joint Underwriting Association.
John Radey of Radey McArthur & Frehn, Tallahassee, and Perry Ian Cone, Vice President, Legal Affairs and Senior Counsel, Miami, for Appellee AIB Insurance Group, Inc.
*1128 Mitchell B. Haigler of Katz, Kutter, Haigler, Alderman, Marks, Bryant & Yon, P.A., Tallahassee, for Appellee Audubon Insurance Company, Inc.
William B. Willingham of Rutledge, Encenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for Appellee American International Insurance Company.
William C. Owen and Zollie Maynard of Panza, Maurer, Maynard & Neel, P.A., Tallahassee, for amicus curiae Policy Management Systems Corporation.
PER CURIAM.
Bankers Insurance Company (Bankers) asks this court to reverse an order of the circuit court denying Bankers' request for a temporary injunction. The circuit court denied the request for temporary injunction on grounds that Bankers failed to demonstrate a substantial likelihood of success on the merits, see City of Jacksonville v. Naegele Outdoor Adver., 634 So.2d 750 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995), and because it had failed to exhaust available administrative remedies. We agree that Bankers failed to exhaust available administrative remedies and affirm on that basis.
Bankers acted as a servicing carrier for the Florida Residential Property and Casualty Joint Underwriting Association (FRPCJUA) until its contract expired on March 31, 1996. Prior to expiration of the contract, FRPCJUA requested competitive proposals from insurers and other potential servicing carriers for the FRPCJUA. On December 14, 1995, the board of governors for the FRPCJUA evaluated the proposals submitted in response to its request for proposals and selected AIB Insurance Group, Inc. (AIB), Audubon Insurance Company, and American International Insurance Company. Bankers was not selected.
The request for proposals provides that the board of governors of the FRPCJUA will make the final selection of the company or companies that will act as servicing carriers. Section 627.351(6)(a), Florida Statutes (1995), provides that the FRPCJUA "shall operate pursuant to a plan of operation approved by order of the department." Section 24 of the FRPCJUA's second amended plan of operation provides a means for resolving disputes with respect to any decision of the board.

SECTION 24

APPEAL
Except as to any dispute, cause of action, claim or controversy arising under, or out of, any contract or Agreement pertaining to bonding or borrowing by the Association, any person or entity aggrieved with respect to any action or decision of the Board of the Association, or any Committee thereof, (other than matters regarding Assessments which appeals are governed by Sections 15, 16 and 17 hereof) may make written request of the Board for specific relief. All written requests for relief or redress shall be deemed Appeals and shall be delivered to the Executive Director. The Executive Director shall schedule any Appeal for hearing at the next regularly scheduled Board meeting occurring, not less than ten (10) days nor more than forty (40) days from the Executive Director's receipt of the Appeal. Any person or entity whose Appeal for relief is denied by the Board may appeal to the Insurance Commissioner in the manner provided by § 627.371, Florida Statutes. A transcript of any Appeal items shall be made at the time of hearing.
On February 29, 1996, Bankers filed an appeal of the board's actions pursuant to section 24 of the second amended plan of operation. On April 7, Bankers presented its appeal to the board and after hearing and discussion, the board denied the appeal. On April 24, 1996, Bankers appealed the board's decision to the Department of Insurance.
On March 4, 1996, while pursuing its administrative remedies, Bankers filed a complaint for declaratory and injunctive relief in circuit court arguing, inter alia, that the FRPCJUA violated section 627.351(6)(c)1., Florida Statutes, in its selection of AIB, a non-insurer, as a servicing provider. On March 8, 1996, a hearing was held in circuit court. On March 20, 1996, the circuit court entered the order denying Bankers' motion for injunctive relief, which is the subject of this appeal.
*1129 On September 16, 1996, the Department of Insurance entered an order denying Bankers' April 24, 1996, appeal. The order contains a notice of rights form advising Bankers of its right pursuant to section 120.57, Florida Statutes, to contest the Department's decision before the Division of Administrative Hearings. At oral argument, counsel advised that the matter was pending at the Division of Administrative Hearings.
It is settled that "where adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted." Communities Fin. Corp. v. Florida Dep't of Envtl. Regulation, 416 So.2d 813, 816 (Fla. 1st DCA 1982); Department of Envtl. Protection v. PZ Constr. Co., Inc., 633 So.2d 76, 78 (Fla. 3d DCA 1994); Friends of the Everglades v. State, Dep't of Envtl. Regulation, 387 So.2d 511 (Fla. 1st DCA 1980); School Bd. of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); School Bd. of Flagler County v. Hauser, 293 So.2d 681 (Fla. 1974).
Declaratory and injunctive relief is available as a remedy for adverse administrative action "only in those extraordinary cases where a party has no other adequate administrative remedy to cure egregious agency errors or where a party's constitutional rights are endangered," Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 433 (Fla. 3d DCA 1978), or "where the agency is alleged to have acted without colorable statutory authority and in excess of its delegated powers." Department of Revenue v. Brock, 576 So.2d 848, 850 (Fla. 1st DCA), rev. denied, 584 So.2d 997 (Fla.1991).
PZ Constr., 633 So.2d at 78. Certain criteria must be met before an administrative remedy will be considered inadequate.
(1) the complaint must demonstrate some compelling reason why the APA (Chapter 120, Florida Statutes) does not avail the complainants in their grievance against the agency; or (2) the complaint must allege a lack of general authority in the agency and, if it is shown, that the APA has no remedy for it; or (3) illegal conduct by the agency must be shown and, if that is the case, that the APA cannot remedy that illegality; or (4) agency ignorance of the law, the facts, or public good must be shown and, if any of that is the case, that the Act provides no remedy; or (5) a claim must be made that the agency ignores or refuses to recognize related or substantial interests and refuses to afford a hearing or otherwise refuses to recognize that the complainants' grievance is cognizable administratively.
Communities, 416 So.2d at 816. The complaint filed in the present case does not meet these criteria.
In the present case, Bankers' assertions do not meet the necessary criteria. Bankers has not shown that there are inadequate administrative remedies. On the contrary, Bankers has pursued, separately, an available, adequate, administrative resolution of this matter. Judicial review of final agency action will be available under section 120.68, Florida Statutes (Supp.1996).
While Bankers has alleged that the FRPCJUA acted without colorable statutory authority and in excess of its delegated powers, circuit court intervention is never justified unless agency action is unmistakably and irretrievably in excess of delegated powers. St. Joe Paper Co. v. Florida Dep't of Natural Resources, 536 So.2d 1119, 1124 (Fla. 1st DCA 1988). See also Department of Prof'l Regulation v. Marrero, 536 So.2d 1094 (Fla. 1st DCA 1988), review denied, 545 So.2d 1360 (Fla.1989); Florida Export Tobacco Co. v. Department of Revenue, 510 So.2d 936 (Fla. 1st DCA), review denied, 519 So.2d 986 (Fla. 1987). Here Bankers has presented a question of statutory constructionone which we decline to address at this juncturebut it has not demonstrated that the Department of Insurance cannot remedy the alleged misconstruction. See Key Haven Associated Enters., Inc. v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982); Department of General Servs. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).
Because adequate administrative remedies are in place (which Bankers has, in fact, *1130 availed itself of), the order denying temporary injunction is affirmed.
BARFIELD, C.J., and KAHN and BENTON, JJ., concur.