722 So.2d 874 (1998)
DEPARTMENT OF HEALTH, Appellant,
v.
Sara R. Johnson CURRY, and the Holmes County School Board, Appellees.
No. 97-4808.
District Court of Appeal of Florida, First District.
November 20, 1998.
Rehearing Denied January 6, 1999.
*875 Thomas D. Koch, Chief Legal Counsel, Department of Health, Tallahassee, for appellant.
John A. Barley & Associates, P.A., Tallahassee, for appellees.
WEBSTER, J.
The Department of Health seeks review of orders denying its motion to dismiss for failure to exhaust administrative remedies, and granting appellee Curry declaratory and injunctive relief by requiring the Department to certify to the Holmes County School Board that Curry's daughter is exempt, for religious reasons, from the immunizations against communicable diseases mandated by section 232.032(1), Florida Statutes (1995). By cross-appeal, Curry seeks review of the trial court's denial of her request for an award of attorney fees. We affirm as to all issues raised.
The pertinent facts are not disputed. In August 1996, Curry wrote a letter to the Department of Health and Rehabilitative Services in Holmes County, objecting to the immunization of her daughter against communicable diseases as a condition precedent to her admission to public school for the upcoming school year on the ground that "the administration of immunizing agents ... completely conflicts with my religious tenants [sic] and practices." A few days later, the Department responded in writing that, "[a]fter reviewing [Curry's] letter and all the facts and circumstances, it was determined that the letter was legally insufficient to grant a religious exemption from immunizations." Curry was also told she might "request an administrative hearing" if she was not satisfied with the decision.
Instead of requesting an administrative hearing, Curry filed an action in the trial court, seeking declaratory and injunctive relief. Curry asserted that, according to the plain language of section 232.032(4)(a), Florida Statutes (1995), her daughter was entitled to exemption from the mandatory immunization provisions of section 232.032(1) upon receipt by the Department of the written objection, for religious reasons, to immunization. Notwithstanding her entitlement to the exemption, Curry's daughter was being denied admission to public school because she had not received the required immunizations. Accordingly, Curry requested that her daughter be declared exempt from the immunization requirement because of the letter expressing objection on religious grounds; that the Department be enjoined from attempting to go behind her expressed objection to determine whether it actually was based upon religious grounds; and that the Department be directed to acknowledge in writing to her daughter's school that her daughter was exempt from the required immunizations. The complaint also requested that the Department be ordered to pay a reasonable fee for the services of Curry's attorney.
*876 The Department responded with a motion to dismiss in which it argued, among other things, that the trial court lacked subject matter jurisdiction because Curry had failed to exhaust administrative remedies before filing the action, and that Curry had failed to allege ultimate facts establishing an entitlement to either declaratory or injunctive relief. (On January 1, 1997, the newly created Department of Health became responsible for matters related to public and environmental health, including preventing "the occurrence and progression of communicable... diseases." Ch. 96-403, § 8, at 2676, Laws of Fla. It was substituted as a defendant shortly thereafter.) Following a hearing, the trial court denied the motion to dismiss, and granted Curry's motion requesting a temporary injunction so that her daughter might attend school. The Department then filed an answer in which it admitted that it "require[d] an applicant to articulate the specific religious tenet or practice which conflicts with the administration of immunizing agents before issuing a religiously based exemption from immunization of communicable diseases"; denied that it had a duty to promulgate rules regarding its treatment of objections to immunization on religious grounds because "the statute is adequately specific"; and asserted as an affirmative defense Curry's failure to exhaust administrative remedies.
Curry filed a motion for summary judgment. Following the filing of legal memoranda and a further hearing, the trial court entered a summary final judgment directing the Department to certify to the Holmes County School Board that Curry's daughter was exempt, for religious reasons, from the immunizations mandated by section 232.032(1); enjoining the School Board from denying Curry's daughter admission to public school solely because she did not have a certificate of immunization as required by section 232.032(3); and denying Curry's request for an award of attorney fees. This appeal and cross-appeal follow.
To the extent relevant, section 232.032, Florida Statutes (1995), reads:
232.032 Immunization against communicable diseases; school attendance requirements; exemptions.
(1) The Department ..., after consultation with the Department of Education, shall promulgate rules governing the immunization of children against ... preventable communicable diseases. Immunizations shall be required for poliomyelitis, diphtheria, rubeola, rubella, pertussis, mumps, tetanus, and other communicable diseases as determined by rules of the Department.... The Department ... shall supervise and secure the enforcement of the required immunization....
....
(3) The school board of each district and the governing authority of each nonpublic school shall establish and enforce as policy that, prior to admittance to or attendance in a public or nonpublic school, grades preschool through 12, each child present or have on file with the school a certification of immunization for the prevention of those communicable diseases for which immunization is required by the Department.... Such certification shall be made on forms approved and provided by the Department... and shall become a part of each student's permanent record, to be transferred when the student transfers, is promoted, or changes schools....
(4) The provisions of this section shall not apply if:

(a) The parent or guardian of the child objects in writing that the administration of immunizing agents conflicts with his or her religious tenets or practices;

(b) A physician licensed under the provisions of chapter 458 or chapter 459 certifies in writing, on a form approved and provided by the Department ..., that the child should be permanently exempt from the required immunization for medical reasons stated in writing, based upon valid clinical reasoning or evidence, demonstrating the need for the permanent exemption;
(c) A physician licensed under the provisions of chapter 458, chapter 459, or chapter 460 certifies in writing, on a form approved and provided by the Department..., that the child has received as many *877 immunizations as are medically indicated at the time and is in the process of completing necessary immunizations;
(d) The Department ... determines that, according to recognized standards of medical practice, any required immunization is unnecessary or hazardous; or
(e) An authorized school official issues a temporary exemption, for a period not to exceed 30 school days, to permit a child who transfers into a new county to attend class until his or her records can be obtained....
....
(8) The presence of any of the communicable diseases for which immunization is required by the Department ... shall permit the county public health unit director or administrator or the State Health Officer to declare a communicable disease emergency. The declaration of such emergency shall mandate that all children in attendance in the school who are not in compliance with the provisions of this section be identified by the district school board or by the governing authority of the nonpublic school; and the school health and immunization records of such children shall be made available to the county public health unit director or administrator. Those children identified as not being immunized against the disease for which the emergency has been declared shall be temporarily excluded from school by the district school board, or the governing authority, until such time as is specified by the county public health unit director or administrator.
(Emphasis added.) The Department maintains that, properly construed, section 232.032(4)(a) allows it to investigate whether a request for exemption is actually based upon a religious ground and, if it determines that the request is not, to deny it. Because the statute grants it such authority, Curry was required to pursue her available administrative remedies if she was dissatisfied with its initial decision. Curry did not do so and, as a result, the trial court lacked jurisdiction to consider her claim. Curry, on the other hand, argues that section 232.032(4)(a) clearly and unambiguously provides that a parent or guardian is entitled to have his or her child exempted from the required immunizations if he or she "objects in writing that the administration of immunizing agents conflicts with his or her religious tenets or practices," and that nothing in the statute authorizes the Department to investigate the bona fides of such an objection. Accordingly, the Department's attempt to do so clearly exceeded its statutory authority, and was without colorable authority. Therefore, she was not required to exhaust administrative remedies before seeking relief in court.
The issue which we are called upon to decide implicates two very important social policiesthe desire to protect the public health and welfare and the desire to protect a parent's fundamental right to raise his or her child according to the religious tenets that he or she chooses. After considerable reflection, we conclude that the legislature intended that when, as here, the two policies collide, greater protection be afforded to the latter by prohibiting any inquiry by the Department into the bona fides of the parent's or guardian's objection.
It is true, as the Department asserts, that the legislature provided that the Department is to be responsible for the implementation and enforcement of section 232.032. § 232.032(1), Fla .Stat. (1995). However, it is also true that the legislature provided, in relatively plain language, that "[t]he provisions of th[e] section shall not apply if ... [t]he parent or guardian of the child objects in writing that the administration of immunizing agents conflicts with his or her religious tenets or practices." Had the legislature intended to place with the Department the responsibility for determining the bona fides of such an objection, one would expect to find within paragraph (a) of subsection (4) some language suggesting such an intent. The legislature might, for instance, have added to the end of the paragraph the words "and the Department determines that immunization would conflict with a religious tenet or practice." The fact that the legislature did not include such language is particularly telling because it did use such language in paragraph (d) of the same subsection"The provisions of this section shall not apply if ... *878 [t]he Department ... determines that, according to recognized standards of medical practice, any required immunization is unnecessary or hazardous." Alternatively, the legislature might have required a certificate from a cleric that immunization would conflict with the parent's or guardian's religious beliefs, much as it did in paragraphs (b) and (c), where it required a certificate from a physician as a condition precedent to the exemptions provided. At a minimum, one might expect that the legislature would have required a parent or guardian to swear or affirm that the objection was bona fide. However, the legislature did none of these things. Instead, it used unqualified language which, when given its commonly understood meaning, does not appear to permit the interpretation urged by the Department.
The Department argues that such an interpretation of section 232.032(4)(a) would lead to unreasonable and absurd results because "any parent [could] get a religious exemption for entirely bogus, fraudulent, or otherwise non-religious reasons," thereby defeating the purpose of the statuteto protect the health and welfare of school children. We are unable to agree.
It is true that the intent we have attributed to the legislature will permit parents and guardians to obtain exemptions based upon untruthful representations that immunization would conflict with their religious beliefs. However, the legislature might well have considered that a relatively minor concern compared to the danger that giving to the Department the authority to determine the bona fides of such objections would pose to the free exercise of religion guaranteed by both the federal and state constitutions. U.S. Const. amend. I; Fla. Const. art. I, § 3. Defining religion or religious belief is an inherently difficult task. See, e.g., Berg v. Glen Cove City Sch. Dist., 853 F.Supp. 651, 655 (E.D.N.Y.1994) ("attempts to ascertain the sincerity of claims of religious belief must be undertaken with extreme caution"); Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F.Supp. 81 (E.D.N.Y.1987) (limiting the religious exemption to New York's mandatory immunization program for school children to "bona fide members of a recognized religious organization" violates the First Amendment). There is nothing to suggest that the Department possesses any particular expertise with regard to such matters. Moreover, we presume that most parents are legitimately concerned about the health and welfare of their children, and that the overwhelming majority will recognize the value of immunization and not seek to obtain an exemption. In addition, section 232.032(8) permits the Department to require that children who have not been immunized be prevented from attending school in the event of the outbreak of any communicable disease. Thus, it would appear that the intent which we have attributed to the legislature will have little impact upon the Department's ability to ensure that the purpose of the statute is carried out. Finally, if we have incorrectly determined the legislative intent motivating section 232.032(4)(a), the legislature need only amend the statute to make its true intent clear.
The doctrine which requires the exhaustion of administrative remedies is based upon considerations of policy, rather than of jurisdiction. Department of Revenue v. Brock, 576 So.2d 848 (Fla. 1st DCA), review denied, 584 So.2d 997 (Fla.1991). "Its purpose is to assure that an agency responsible for implementing a statutory scheme has a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue." Id. at 850. An "exception to the exhaustion doctrine exists where the agency is alleged to have acted without colorable statutory authority and in excess of its delegated powers." Id. Where, as here, an agency acts without the benefit of any rule, and in a manner clearly in excess of its statutory authorization, the action is invalid, "and the basis for court intervention clear." Department of Environmental Regulation v. Falls Chase Special Taxing Dist., 424 So.2d 787, 795 (Fla. 1st DCA), review denied, 436 So.2d 98 (Fla. 1983). Curry's action in the trial court was predicated upon the assertion that the Department's action was clearly in excess of its statutory authority. Accordingly, she was not required to exhaust any available administrative remedy before seeking redress in court.
*879 Curry claims entitlement to attorney fees based upon sections 57.105(1) and 120.57(1)(b)10, Florida Statutes (1995). Section 57.105(1) mandates the award of an attorney fee "in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." The supreme court has construed section 57.105 as requiring an award of attorney fees only if the claim or defense is so totally devoid of merit as to be frivolous. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla.1982). The trial court denied Curry's request based upon its finding that the action had involved justiciable issues. On the record before us, we are not prepared to say that the trial court's finding constituted a clear abuse of discretion. Curry also based her request upon section 120.57(1)(b)10. However, that provision is clearly intended to apply only in the context of administrative proceedings, a course which Curry elected not to pursue. Accordingly, we affirm the trial court's denial of Curry's request for attorney fees.
In summary, we affirm the trial court's denial of the Department's motion to dismiss for failure to exhaust administrative remedies, the award of declaratory and injunctive relief to Curry, and the denial of Curry's request for attorney fees.
AFFIRMED.
ALLEN, J., concurs.
JOANOS, J., concurs specially in results with written opinion.
JOANOS, J., concurring specially in the results.
I concur in the majority's decision to affirm this appeal. It is clear that the pertinent statute did not authorize the department to question the sincerity of a religious objection to immunizations. However, under the circumstances present here, I see no reason to weigh the importance of competing social policies or to attempt to decipher the legislature's intentions in regard to the legislation.