919 So.2d 476 (2005)
JAKE AND THE FAT MAN BIKE WEEK USA, INC. and Jacob Mazrawi, Appellants,
v.
BIKER DESIGN, INC., Ergun Recel, and Nir Gist, Appellees.
No. 5D04-190.
District Court of Appeal of Florida, Fifth District.
September 30, 2005.
Rehearing Denied January 30, 2006.
Richard D. Sierra and Raymond J. Rotella, of Kosto & Rotella, P.A., Orlando, for Appellants.
Steven J. Guardiano, Daytona Beach, for Appellees.
THOMPSON, J.
Jake and the Fat Man Bike Week, USA, Inc. and Jacob Mazrawi (collectively "Jake") appeal an order dismissing an amended complaint for improper venue and for failure to state a cause of action without prejudice. Jake contends that the venue clause in their agreement with the appellees required that any litigation between them be brought in Orange County, Florida. We lack jurisdiction to review the order and therefore dismiss the appeal.
After a hearing, the circuit court ruled from the bench on 2 October 2003, and dismissed the complaint for improper venue and for failure to state a cause of action without prejudice. It did not enter a written order until 5 December 2003, but in the meantime Jake filed a motion for rehearing on 13 November 2003. The court denied the motion for rehearing by order entered 16 December 2003, and Jake subsequently filed a notice of appeal on 14 January 2004.
An appeal of an order concerning venue is an appealable nonfinal order. Fla. R.App. P. 9.130(a)(3)(A). Also, an order granting a motion to dismiss without prejudice is a nonfinal order. Jim Macon Bldg. Contractors, Inc. v. Lake County, 763 So.2d 1223, 1225 (Fla. 5th DCA 2000); Allen v. Fla. Dept. of Military Affairs, 576 So.2d 971, 972 (Fla. 5th DCA 1991).
Motions for rehearing of nonfinal orders do not toll the time for taking an appeal. Bennett v. Bennett, 645 So.2d 32, 32 (Fla. 5th DCA 1994); Adlow, Inc. v. Mauda, Inc., 632 So.2d 714, 714-15 (Fla. 5th DCA 1994); Manna Provisions Co. v. Blume, 417 So.2d 832, 833 (Fla. 1st DCA 1982).
Because Jake filed an appeal of a nonfinal order more than thirty days following its rendition, we lack jurisdiction over the order on appeal. Accordingly, the appeal is dismissed.
DISMISSED.
GRIFFIN and PALMER, JJ., concur.