SUAREZ, J.
Florida Department of Children and Families (“Department”) appeals a Final Order of the trial court which'requires the Department to make payments to certain *284 “Relative Caregivers” of children subject to the jurisdiction of the Department and the trial court.
The Department submits that the Final Order requires payments in violation of the requirements of Rule 65C-28.008(l)(d), Florida Administrative Code. That rule was created pursuant to the directives of Section 39.5085(2)(a), Florida Statutes (2014), which states: “The Department of Children and Families shall establish and operate the Relative Caregiver Program pursuant to eligibility guidelines established in this section as further implemented by rule of the department.” In the Final Order, the trial court determined that the provisions of rule 65C-28.008(l)(d) are beyond the scope of the implementation language of Section 39.5085(2)(a), Florida Statutes. As such, the tidal court held the rule to be invalid and ordered payments that the rule in, question prohibited.
We conclude that the trial court exceeded its authority in determining the validity of the rule without the issue first going through an administrative challenge under Section 120.56, Florida Statutes (2014). Under the circumstances at issue here, we conclude that an administrative challenge to the rule is the proper procedure to follow to determine the rule’s validity because 'it is not facially apparent .that the Department acted without colorable authority in adopting rule 65C-28.008(l)(d) and there is no other evidence of absence of authority. A finding of the absence of colorable authority would be required for a determination of invalidity of the rule by the trial court in, place of the determination first being made- in an administrative proceeding. State of Florida Dep’t of Revenue v. Brock, 576 So.2d 848 (Fla. 1st DCA 1991); Dep’t of Envtl. Regulation v. Falls Chase Special Taxing Dist., 424 So.2d 787, 796 (Fla. 1st DCA 1982). As stated in Brock, “[although statutory construction is ultimately the province of the judiciary, it should not be undertaken without first giving the agency an opportunity to explain its interpretation and to create a record in an administrative forum.” 576 So.2d at 850. See also, Florida Dep’t of Agric. & Consumer Servs. v. City of Pompano Beach, 792 So.2d 539, 545 (Fla. 4th DCA 2001)[1]
Reversed,

. We address solely the issue of procedure. We do not address the question of the validity of the rale in question and no such determination should be inferred.