# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-2796

———————————————

FLORIDA DEPARTMENT OF
HEALTH,

   Petitioner,

   v.

TROPIFLORA, LLC, as Agent for
MARIJ AGRICULTURAL, INC. and
DENNIS and LINDA CATHCART,
d/b/a TROPIFLORA NURSERY,

   Respondents.

———————————————

Petition for Writ of Prohibition–Original Jurisdiction

January 25, 2019

PER CURIAM.

The Florida Department of Health ("the Department") petitions this Court for a writ of prohibition to bar further proceedings in the trial court because TropiFlora failed to exhaust administrative remedies. For the reasons that follow, the petition is denied.

I.

TropiFlora filed an application with the Department to be the exclusive low-THC cannabis dispensing organization for the

Southwest Florida region under section 381.986, Florida Statutes (2014). Upon receipt of the application, the Department notified TropiFlora it had failed to submit certified financial statements required by section 381.986(5)(b)5., Florida Statutes. Although given a time period to cure the alleged deficiency, TropiFlora did not. The Department subsequently notified TropiFlora that its application was denied and provided a "Notice of Rights" as required by chapter 120, Florida Statutes, advising TropiFlora of its ability to challenge the denial. TropiFlora filed a petition under the Administrative Procedures Act (APA), which was consolidated with proceedings of other challengers for the Southwest region license. However, just prior to final hearing, TropiFlora voluntarily dismissed its administrative petition and abandoned the chapter 120 administrative process.

Thereafter, TropiFlora filed a complaint for declaratory judgment in circuit court seeking an order stating its entitlement to a license. In response, the Department filed a motion to dismiss the complaint, alleging TropiFlora failed to exhaust administrative remedies. Later, the Department also filed a motion for summary judgment on the same grounds. Without ruling on the arguments raised by the Department in various motions, the trial judge scheduled a trial date and allowed ongoing discovery. In the interim, the legislature passed Senate Bill 8-A during a special session and the bill was signed into law as chapter 2017-232, Laws of Florida (amending section 381.986, Florida Statutes). The new law directed the Department to license as "medical marijuana treatment centers" ten applicants who meet certain requirements. TropiFlora filed a motion for temporary injunction seeking to enjoin the Department from issuing any medical marijuana licenses under the 2017 law. The Department filed a motion for judgment on the pleadings again asserting that TropiFlora failed to exhaust administrative remedies. Despite the trial judge's advising that a hearing would occur to address all pending matters, the motions filed by the Department raising jurisdictional arguments remain outstanding. Unable to obtain a ruling on its motions and facing ongoing discovery, the Department filed this petition for writ of prohibition.

2

## II.

Prohibition relief is not available under these facts. "Only where a tribunal purports to exercise jurisdiction over a case falling within a class of cases it is forbidden to consider is it appropriate for a higher court to grant the extraordinary writ of prohibition." *Haridopolos v. Citizens for Strong Sch., Inc.*, 81 So. 3d 465, 468 (Fla. 1st DCA 2011). The claims Tropiflora has asserted—those for declaratory judgment and a writ of mandamus—are not "within a class of cases" the trial court "is forbidden to consider." Indeed, as the Department acknowledges in its brief, the failure-to-exhaust defense—if successful—would not deprive the trial court of subject-matter jurisdiction. *See Dep't of Health v. Curry*, 722 So. 2d 874, 878 (Fla. 1st DCA 1998) ("The doctrine which requires the exhaustion of administrative remedies is based upon considerations of policy, rather than of jurisdiction."); *see also Wilson v. County of Orange*, 881 So. 2d 625, 631 (Fla. 5th DCA 2004) ("[F]ailure to exhaust administrative remedies is an affirmative defense. . . ."); *Bankers Ins. Co. v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n*, 689 So. 2d 1127, 1129-30 (Fla. 1st DCA 1997) (affirming denial of temporary injunction "[b]ecause adequate administrative remedies are in place," without questioning trial court's subject-matter jurisdiction); *but see City of Sunny Isles Beach v. Publix Super Markets, Inc.*, 996 So. 2d 238, 239 (Fla. 3d DCA 2008) (granting writ of prohibition because respondent "had not exhausted its administrative remedies before filing its declaratory judgment action").

Likewise, the writ of prohibition "is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy." *Mandico v. Taos Const., Inc.*, 605 So. 2d 850, 854 (Fla. 1992). Here, there has been no showing that other appropriate and adequate legal remedies are unavailable. If the trial court should dismiss based on the failure-to-exhaust defense and does not, the Department can remedy that error on direct review. *See Curry*, 722 So. 2d at 875

(direct appeal reviewing denial of motion to dismiss for failure to exhaust). And to the extent the Department argues prohibition is necessary to preclude entry of an injunction or unwarranted depositions of high-ranking government officials, those, too, can be remedied without prohibition. *See* Fla. R. App. P. 9.130(a)(3)b. (authorizing interlocutory appeal of injunction orders); *Florida Office of Ins. Regulation v. Florida Dep't. of Fin. Services*, 159 So. 3d 945, 947 (Fla. 1st DCA 2015) (granting certiorari and quashing order permitting Insurance Commissioner's deposition); *Univ. of W. Florida Bd. of Trustees v. Habegger*, 125 So. 3d 323, 324 (Fla. 1st DCA 2013) (granting certiorari and quashing order permitting university president's deposition).

The writ of prohibition is authorized only in very narrow circumstances, and the circumstances here do not justify the relief requested. Accordingly, the petition for writ of prohibition is DENIED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

W. Robert Vezina, III, Eduardo S. Lombard, and Megan S. Reynolds of Vezina, Lawrence & Piscitelli, P.A., Tallahassee, for Petitioner.

Steven R. Andrews, Brian O. Finnerty, and Ryan J. Andrews of the Law Offices of Steven R. Andrews, P.A., Tallahassee, for Respondents.

4