# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2333
LT Case No. 2023-CA-000063-A

_____

RICHARD W. HIGGINS,

    Appellant,

    v.

CITRUS HILL PROPERTY OWNERS
ASSOCIATION INC.,

    Appellee.

_____

On appeal from the Circuit Court for Citrus County.
Carol A. Falvey, Judge.

Richard W. Higgins, Hernando, pro se.

Cara M. Wright, of Freeman, Mathis & Gary, LLP, Tampa,
for Appellee.

August 2, 2024

PER CURIAM.

    AFFIRMED.

EDWARDS, C.J., and HARRIS, J., concur.
KILBANE, J., concurring specially with opinion.

KILBANE, J., concurs specially.

I fully concur with the decision to affirm as Appellant, Richard Higgins, has failed to meet his burden of demonstrating reversible error on appeal. *See, e.g.*, *E & I, Inc. v. Excavators, Inc.*, 697 So. 2d 545, 547 (Fla. 4th DCA 1997) ("The appellant has the burden of making 'any reversible error clearly, definitely, and fully appear.'" (quoting *Strate v. Strate*, 328 So. 2d 29, 30 (Fla. 3d DCA 1976))); *Jenkins v. State*, 260 So. 3d 447, 449 (Fla. 1st DCA 2018) ("As [the appellant] has failed to meet his burden to demonstrate error on appeal, we affirm."). However, because both the parties and the trial court proceeded as though the issue of exhaustion of administrative remedies was one of subject matter jurisdiction, I write separately to provide clarity on that issue.

Higgins owns a parcel located in Fox Run Estates, a community served by Appellee, the Citrus Hills Property Owners Association, Inc. When the Association began the process of revitalizing a declaration of covenants that applied to Fox Run Estates, Higgins sued, seeking injunctive relief and statutory relief under chapters 712 and 720 of the Florida Statutes. Shortly after Higgins filed his complaint, the Florida Department of Economic Opportunity ("DEO") approved the Association's proposed revitalization. Thereafter, the Association moved to dismiss Higgins' lawsuit for lack of subject matter jurisdiction, arguing that the trial court lacked jurisdiction because, to the extent that Higgins' rights had been affected by the DEO's ruling, under section 120.569, Florida Statutes (2022), and the exhaustion doctrine, Higgins' only avenue of recourse was to file a petition for an administrative proceeding. Following a hearing on the Association's motion, the trial court entered an order dismissing Higgins' complaint, ruling that it lacked subject matter jurisdiction "as . . . the Department of Economic Opportunity has exclusive jurisdiction over all issues raised by Plaintiff." The trial

court also denied Higgins' motion to amend his complaint.[1] This appeal followed.

Subject matter jurisdiction is granted and bounded by the Constitution. *See* Art. V, §§ 5, 6, Fla. Const.; *State v. Ruiz*, 909 So. 2d 986, 987 (Fla. 5th DCA 2005) ("Subject matter jurisdiction is

---

[1] An order dismissing a complaint for lack of subject matter jurisdiction should not typically be construed as an adjudication on the merits. *See, e.g.*, *Arison Shipping Co. v. Hatfield*, 352 So. 2d 539, 540 (Fla. 3d DCA 1977) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits . . . ."). Although the trial court did not state in its dismissal order whether Higgins' complaint was dismissed with, or without, prejudice, because the trial court did not reach the merits of Higgins' complaint, the dismissal would have presumptively been without prejudice, which would deprive this court of jurisdiction to consider this appeal. *See, e.g.*, *Smith v. St. Vil*, 714 So. 2d 603, 604 (Fla. 4th DCA 1998) ("Dismissals are generally without prejudice where the case is not being disposed of on the merits."); *Jake & the Fat Man Bike Week USA, Inc. v. Biker Design, Inc.*, 919 So. 2d 476, 476 (Fla. 5th DCA 2005) ("[A]n order granting a motion to dismiss without prejudice is a nonfinal order."). However, because the trial court additionally denied Higgins' pending motion to amend his complaint, the dismissal order, when read as a whole, functionally dismissed the complaint with prejudice. *See Carnival Corp. v. Sargeant*, 690 So. 2d 660, 661 (Fla. 3d DCA 1997) (holding that an order dismissing a complaint without prejudice, but also denying leave to amend, was functionally an order of dismissal with prejudice); *see also Smith*, 714 So. 2d at 605 ("Because failing to appeal an order which is appealable can sometimes be fatal, it is important to view orders of dismissal from the perspective of *what they do*, not according to whether they state that they are with or without prejudice. Relying on the wording can create a trap for the unwary." (emphasis added)). Therefore, this court has jurisdiction. *See, e.g.*, *Kapitanov v. Spinnaker Bay at the Waterways Condo. Ass'n*, 349 So. 3d 538, 539 n.1 (Fla. 3d DCA 2022) ("As this is an order dismissing Appellant's case with prejudice, this Court has jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(A).").

expressly conferred upon a court by the state constitution or by statutes enacted pursuant to the constitution." (citing *Allegheny Cas. Co. v. Roche Surety, Inc.*, 885 So.2d 1016 (Fla. 5th DCA 2004))); *Swearingen v. Villa*, 277 So. 3d 778, 781 (Fla. 5th DCA 2019) ("Subject matter jurisdiction is conferred on a court by the state constitution and applicable statutes."). "Subject-matter jurisdiction . . . is defined as: Power of a particular court to hear the *type* of case that is then before it . . . jurisdiction over the nature of the cause of action and relief sought. . . ." *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988) (emphasis added) (quoting *Subject Matter Jurisdiction*, *Black's Law Dictionary* (5th ed. 1979))). Indeed, "[i]n this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which *clearly* and *specially* appears so to be." *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 854 (Fla. 1992) (quoting *English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977)). Thus, as this court has explained, "a challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested *in a particular case*." *In re Adoption of D.P.P.*, 158 So. 3d 633, 636–37 (Fla. 5th DCA 2014) (emphasis added) (citing *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994); *Fla. Power & Light Co. v. Canal Auth.*, 423 So. 2d 421, 425 (Fla. 5th DCA 1982)). Here, because the trial court had subject matter jurisdiction over the claims being alleged by Higgins, and the trial court had not otherwise been devested of that jurisdiction in this case, it had jurisdiction to proceed. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) ("Although sometimes identified by different terms, procedural jurisdiction simply refers to 'the power of the court over a particular case that is within its subject matter jurisdiction.'" (quoting *Tobkin v. State*, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001))); *Pulte v. New Common Sch. Found.*, 334 So. 3d 677, 680 (Fla. 2d DCA 2022) ("[S]ubject matter jurisdiction refers to a trial court's constitutional or statutory authority to decide a class of cases, while continuing jurisdiction refers to a trial court's jurisdiction to act in a case over which it had subject matter jurisdiction, but which it finally resolved with the entry of a judgment." (quoting *Kozel v. Kozel*, 302 So. 3d 939, 945 (Fla. 2d DCA 2019))); *Allen v. Helms*, 293 So. 3d 572, 577–78 (Fla. 1st DCA 2020) (discussing the distinction between subject matter

4

jurisdiction, which "concerns *the power* of the trial court to deal with a class of cases to which a particular case belongs," and "procedural" or "case" jurisdiction, which concerns "the power of the court over a particular case that is within its subject matter jurisdiction" (first quoting *Cunningham*, 630 So. 2d at 181; and then quoting *Ricci v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC*, 276 So. 3d 5, 8 (Fla. 4th DCA 2019))).

With the nature of subject matter jurisdiction properly framed, it is clear that here the application of the exhaustion doctrine did not deprive the trial court of subject matter jurisdiction. While "the doctrine of exhaustion of administrative remedies precludes judicial intervention where available administrative remedies can afford the relief a litigant seeks," *Norman v. Ambler*, 46 So. 3d 178, 182 (Fla. 1st DCA 2010), "the doctrine . . . is not jurisdictional. The exhaustion requirement is a court-created prudential doctrine; it is a matter of policy, not of power," *State, Dep't of Rev. v. Brock*, 576 So. 2d 848, 850 (Fla. 1st DCA 1991) (citing *Gulf Pines Mem'l Park, Inc. v. Oaklawn Mem'l Park*, 361 So. 2d 695 (Fla. 1978); *Fla. Soc'y of Newspaper Eds., Inc. v. Fla. Pub. Serv. Comm'n*, 543 So. 2d 1262 (Fla. 1st DCA 1989)). The justification for the doctrine's application lies in the notion that its "purpose is to assure that an agency responsible for implementing a statutory scheme has a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue." *Id.* (citing *Key Haven Associated Enters., Inc. v. Bd. of Trs. of the Internal Improvement Tr. Fund*, 427 So. 2d 153, 158 (Fla. 1982)). "In this manner, the exhaustion requirement permits full development of the facts, allows the agency to employ its discretion and expertise, and helps preserve executive and administrative autonomy." *Id.* (citing *McKart v. United States*, 395 U.S. 185, 193–94 (1969)); *see also Dep't of Health v. Curry*, 722 So. 2d 874, 878 (Fla. 1st DCA 1998) ("The doctrine which requires the exhaustion of administrative remedies is based upon considerations of policy, rather than of jurisdiction." (citing *Brock*, 576 So. 2d 848)); *Fla. Dep't of Health v. TropiFlora, LLC*, 265 So. 3d 673, 675 (Fla. 1st DCA 2019) ("[T]he failure-to-exhaust defense—if successful—would not deprive the trial court of subject-matter jurisdiction."); *but see Dist. Bd. of Trs. of Broward Comm. Coll. v. Caldwell*, 959 So. 2d 767, 771 (Fla. 4th DCA 2007); *People's Tr. MGA, LLC v. Pesta*, 279 So. 3d 821, 823 (Fla. 4th DCA

5

2019) ("We have stated that failure to exhaust administrative remedies goes to the trial court's subject matter jurisdiction to hear a matter."); *BJ's Wholesale Club, Inc. v. Bugliaro*, 273 So. 3d 1119, 1121 (Fla. 3d DCA 2019) ("Since [section 215.26, Florida Statutes (2016)] requires that an aggrieved party pursue his or her administrative remedies prior to filing a lawsuit, the trial court was without subject matter jurisdiction in this case.").[2]

This court has previously recognized the prudential nature of the exhaustion principle:

> As a general rule, parties are required to pursue administrative remedies before resorting to the courts to challenge agency action. The exhaustion rule serves a number of policies, including promoting consistency in matters which are within agency discretion and expertise, permitting full development of a technical issue and factual record prior to court review, and avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any errors and possibly moot the need for court action.

*Cent. Fla. Invs., Inc. v. Orange Cnty. Code Enf't. Bd.*, 790 So. 2d 593, 596 (Fla. 5th DCA 2001) (citing *City of DeLand v. Lowe*, 544 So. 2d 1165 (Fla. 5th DCA 1989); *City of Gainesville v. Republic Invest. Corp.*, 480 So. 2d 1344 (Fla. 1st DCA 1985); *Deltona Corp. v. Alexander*, 682 F.2d 888 (11th Cir. 1982)); *see also Fla. High Sch. Athletic Ass'n v. Melbourne Ctrl. Catholic High Sch.*, 867 So. 2d 1281, 1286 (Fla. 5th DCA 2004) ("The doctrine of exhaustion of administrative remedies is based on the need to avoid prematurely interrupting the administrative process, and to enable the agency

---

[2] While the Florida Supreme Court has not explicitly held that application of the exhaustion doctrine does not deprive a court of subject matter jurisdiction, it has explained that application of the "primary jurisdiction" doctrine, which it described as a companion of the exhaustion doctrine, "is a matter of deference, policy and comity, not subject matter jurisdiction." *See Flo-Sun, Inc. v. Kirk*, 783 So. 2d 1029, 1037 n.5, 1037–38, 1037 n.5 (Fla. 2001).

6

or association to apply its discretion and expertise in the first instance to technical subject matter. The exhaustion doctrine promotes judicial efficiency by giving the agency or association an opportunity to correct its own mistakes, thereby mooting controversies and eliminating the need for court intervention." (citing *Baillie v. Dep't of Nat. Res., Div. of Beaches & Shores*, 632 So. 2d 1114 (Fla. 1st DCA 1994); *DeCarlo v. Town of West Miami*, 49 So. 2d 596 (Fla. 1950))).

Thus, the exhaustion doctrine is a prudential rule promulgated by the courts whereas the jurisdiction of this state's trial courts is established by the Florida Constitution. It is axiomatic that a court made rule, such as the exhaustion doctrine, can neither expand nor restrict that jurisdiction. *See* Art. V §§ 5, 6, Fla. Const.; *Ruiz*, 909 So. 2d at 987; *Swearingen*, 277 So. 3d at 781; *Hill Top Devs. v. Holiday Pines Serv. Corp.*, 478 So. 2d 368, 370 (Fla. 2d DCA 1985) (discussing "application of the judge-made 'primary jurisdiction' doctrine," and explaining that where the "doctrine is applicable, the judiciary, although possessing subject matter jurisdiction to pass upon the asserted claim, stays its hand and defers to the administrative agency in order to maintain uniformity at that level or to bring specialized expertise to bear upon the disputed issues").[3]

It seems the confounding of these concepts may arise out of what the United States Supreme Court has cautioned against—imprecise use of the term "jurisdiction." *See Kontrick v. Ryan*, 540 U.S. 443, 454–55 ("'Jurisdiction,' the Court has aptly observed, 'is a word of many, too many, meanings.' . . . Clarity would be facilitated if courts and litigants used the label 'jurisdictional' . . . only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."); *see also McGhee v. Biggs*,

---

[3] Nor could a statute, such as section 120.569, restrict a court's subject matter jurisdiction. *See, e.g., Sun Ins. Office, Ltd. v. Clay*, 133 So. 2d 735, 742 (Fla. 1961) ("With respect to legislation involving the judicial power inherent in the state, it has been many times held by this court that . . . the Legislature cannot restrict or take away jurisdiction conferred by the constitution . . . .").

974 So. 2d 524, 526 (Fla. 4th DCA 2008) ("The term [subject matter jurisdiction] is inapplicable to the court's jurisdiction over a specific case because of a contention that a party has not complied with a legal requirement not involving the general power of the court over the case." (alteration in original)). While the exhaustion issue is not one of jurisdiction, it can still be relevant and sometimes determinative, in a trial court's consideration of a party's claims.

In that regard, this court along with the First and Second Districts have held that the exhaustion doctrine is an affirmative defense. *See Wilson v. County of Orange*, 881 So. 2d 625, 631 (Fla. 5th DCA 2004) ("[F]ailure to exhaust administrative remedies is an affirmative defense that is not apparent on the face of the complaint. Thus, it cannot be a valid basis for dismissal."); *Santana v. Henry*, 12 So. 3d 843, 847 (Fla. 1st DCA 2009) ("[T]he general rule is that exhaustion of administrative remedies is an affirmative defense . . . ." (citing Sylvia H. Walbolt, Matthew J. Conigliaro & J. Andrew Meyer, *Fla. Civ. Prac. Before Trial,* § 25.34 at 25–30 (7th ed. 2004))); *Braden Woods Homeowner's Ass'n, Inc. v. Mavard Trading, Ltd.*, 277 So. 3d 664, 671 (Fla. 2d DCA 2019) ("The failure to exhaust administrative remedies is typically an affirmative defense." (citing *Wilson*, 881 So. 2d at 631)).

Yet, while this court has concluded that the exhaustion doctrine is both prudential in nature and an affirmative defense, it has not taken the additional step of holding that the doctrine's application does not deprive a court of subject matter jurisdiction. At most, this court has noted that, "The determination of whether a particular controversy should be decided by the circuit court or by the administrative agency, is in essence, not a question of power and jurisdiction, but rather one of policy." *Lambert v. Rogers*, 454 So. 2d 672, 674 n.5 (Fla. 5th DCA 1984). While that observation is correct, it lacks precedential effect. *See Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) ("Any statement of law in a judicial opinion that is not a holding is dictum." (citing *State v. Yule*, 905 So. 2d 251, 259 n.10 (Fla. 2d DCA 2005) (Canady, J., specially concurring))); *State ex rel. Biscayne Kennel Club v. Bd. of Bus. Reg.*, 276 So. 2d 823, 826 (Fla. 1973) (explaining that a statement in a district court of appeal opinion that "was not essential to the

decision of that court" was obiter dictum and "without force as precedent").

Accordingly, I would hold that the exhaustion doctrine does not implicate a trial court's subject matter jurisdiction. *Brock*, 576 So. 2d at 850; *TropiFlora, LLC*, 265 So. 3d at 675. The jurisdiction of this state's trial courts is established by the Florida Constitution. Art. V §§ 5, 6, Fla. Const. As a court created prudential rule, the exhaustion doctrine alone cannot deprive a trial court of that Constitutional grant. *See Cent. Fla. Invs., Inc.*, 790 So. 2d at 596; *Brock*, 576 So. 2d at 850; *Hill Top Devs.*, 478 So. 2d at 370. In order for the exhaustion issue to be properly before the trial court, it must be raised, either by motion or as an affirmative defense, and ultimately proven, by a party, to serve as the basis for entering a final adjudication on a claim.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————