PER CURIAM.
This is an appeal from a non-final order temporarily enjoining Appellant, Kevin M. McCarty, in his official capacity as Commissioner of the Florida Office of Insurance Regulation (“OIR”), from enforcing certain portions of Chapter 2012-197, Laws of Florida (the “2012 PIP Act”), which the trial court determined are inconsistent with the constitutional right of access to courts. Art. I, § 21, Fla. Const. Concluding that Appellees lack standing to bring this “access-to-courts” challenge, we reverse the order on appeal.
I. Procedural History
Appellees, who were the plaintiffs below, include Robin A. Myers, A.P. (an acupuncture physician), Gregory S. Zwirn, D.C. (a chiropractic physician), and Sherry L. Smith, L.M.T., and Carrie C. Damaska, L.M.T. (licensed massage therapists). Also listed as a plaintiff is “John Doe,” purportedly representing “all similarly situated citizens of Florida that are actively licensed healthcare providers licensed by Florida pursuant to the Florida Statutes, and/or own businesses providing healthcare services in Florida, and/or provide healthcare services to patients injured as a result of motor vehicle collisions in Flori *335 da.” These plaintiffs will be collectively referred to herein as the “Provider Plaintiffs.” An additional plaintiff is “Jane Doe,” who purportedly represents “all those citizens of Florida that are, were, or will be injured as a result of a motor vehicle collision that were also required to purchase $10,000 ... of PIP insurance coverage but may actually only receive no or $2,500 ... in benefits.”
Plaintiffs filed a complaint for declaratory and injunctive relief against OIR alleging that the 2012 PIP Act violates multiple provisions of the Florida Constitution.[1] Relevant to this appeal, the 2012 PIP Act amended various provisions of the Florida Motor Vehicle No-Fault Law, specifically section 627.736(1), Florida Statutes (2012), relating to personal injury protection (“PIP”) coverage. Ch.2012-197, § 10, Laws of Fla.
To be eligible for PIP medical benefits under the new law, persons injured in a motor vehicle accident must seek initial services and care from specified providers within fourteen days after the motor vehicle accident. § 627.736(l)(a), Fla. Stat. (2013). Medical benefits up to $10,000 are available for “emergency medical conditions” diagnosed by specified providers, and up to $2,500 for non-emergency medical conditions. § 627.736(l)(a)3.-4., Fla. Stat. (2013). In addition, the law specifically excludes licensed massage therapists and licensed acupuncturists from being reimbursed for medical benefits. § 627.736(l)(a)5., Fla. Stat. (2013).. Although chiropractors are authorized to provide treatment to PIP insureds, they cannot make the determination that a patient has suffered an emergency medical condition. § 627.736(l)(a)l.-3., Fla. Stat. (2013). Plaintiffs alleged that the new law significantly limits the type and format of chiropractic treatment of persons covered by PIP insurance.
After filing the complaint, Plaintiffs moved for a temporary injunction, asking the trial court to enjoin OIR “from enforcing, or attempting to enforce the 2012 PIP Act.” The Provider Plaintiffs argued that, without a temporary injunction, they would be irreparably harmed by losing substantial PIP-related business that will either cause them not to be able to work and earn a living (acupuncture physicians and licensed massage therapists) or will severely restrain their ability to provide effective care (chiropractors). The pleading alleged that the “Jane Doe” plaintiff, “although required to purchase $10,000.00 ... in PIP insurance by the Florida Statutes, may receive no benefits if the initial evaluation and treatment does not occur within fourteen (14) days, or may receive only $2,500.00 in benefits if there is no emergency, medical condition diagnosed or if the initial evaluation is by a Chiropractic Physician.”
OIR opposed the motion for an injunction and sought dismissal. As a threshold matter, OIR contended that Plaintiffs lack standing to bring the underlying declaratory judgment action, absent any allegations that Plaintiffs have been actually harmed by the legislation. OIR argued that whatever injury Plaintiffs may suffer in the future is purely hypothetical, and the trial court lacked sufficient facts to demonstrate a present, real, and concrete controversy.
After hearing arguments of counsel and receiving testimony from Provider Plaintiff Robin A. Myers, A.P., the trial court granted the motion for temporary injunc *336 tion based only on the access-to-courts claim. The judge determined that the Plaintiffs are entitled to injunctive relief “as to those sections of the law which require a finding of emergency medical condition as a prerequisite for payment of PIP benefits or that prohibit payment of benefits for services provided by acupuncturists, chiropractors and. massage therapists.”
In so ruling, the court found that the Provider Plaintiffs have standing.[2] The judge characterized these plaintiffs as “seeking to enforce a right vested in members of the public at large,” such that they “must allege and establish some special injury different in kind from the injury suffered by members of the public.” The court found that the Provider Plaintiffs, “as health care providers for automobile accident victims, derive a substantial percentage of their income through PIP insurance payments,” which the 2012 PIP Act prohibits or severely limits, giving them “a sufficient interest in the outcome of the case, as well as an injury that is distinct from the public at large.”
OIR filed a notice of appeal and a notice of automatic $tay pursuant to Florida Rule of Appellate Procedure 9.310(b)(2). While this appeal was pending, the trial court granted Plaintiffs’ emergency motion to vacate the automatic stay. The court explained that the reason for issuing the injunction is not to address the potential economic harm to the Provider Plaintiffs caused by the 2012 PIP Act, but rather to protect “the constitutional right of citizens to seek redress in the courts if they are wrongfully injured. The medical providers are means to that end.” Prior to full briefing of this appeal on the merits, this Court affirmed the trial court’s order vacating the automatic stay.[3]

II. Standing Analysis

Standing presents “a threshold inquiry” that must be made at the commencement of the case. Olen Props. Corp. v. Moss, 981 So.2d 515, 517 (Fla. 4th DCA 2008). We have de novo review of the issue of whether Appellees have standing, which is a pure question of law. Baptist Hosp., Inc. v. Baker, 84 So.3d 1200, 1204 (Fla. 1st DCA 2012).
It is well-established “that a party seeking adjudication of the courts on the constitutionality of statutes is required to show that his constitutional rights have been abrogated or threatened by the provisions of the challenged act.” Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448, 453 (1943) (emphasis added). To have the adverse interest necessary for standing on the sole claim presented in this appeal, the Provider Plaintiffs had to assert a violation of their constitutional right of access to courts. See Alachua County v. Scharps, 855 So.2d 195, 200 (Fla. 1st DCA 2003). This burden was not met here, as none of the Provider Plaintiffs claimed a violation of his or her own right of access to courts. Instead, the trial court erroneously conferred standing on the Provider Plaintiffs based on their purported loss of PIP-claim revenue as a result of the 2012 PIP Act.
In support of its claim of legal error, OIR cites analogous case law holding that supervisors of elections lacked any real interest to confer standing to pursue others’ “equal protection” claims against a ballot regulation, even though the supervisors alleged they would suffer the practical harm of disrupted elections. Sancho v. *337 Smith, 830 So.2d 856, 863-64 (Fla. 1st DCA 2002) (stating that “[constitutional rights are personal,” such that generally, “[a] party who is not adversely affected by a statute ... has no standing to argue that the statute is invalid”). In another relevant decision, a hospital lacked standing to bring an “equal protection” challenge against a law making men, but not women, liable for their spouses’ medical bills. Shands Teaching Hosp. & Clinics, Inc. v. Smith, 497 So.2d 644, 646 & n. 1 (Fla.1986). Although the hospital had an economic interest in collecting its debts and therefore sustained a practical harm, it lacked a sufficient interest in whether the law discriminated against men. Id.; Sancho, 830 So.2d at 863-64 & n. 2. Similarly, the alleged economic harm suffered by the Provider Plaintiffs in this case is an insufficient basis to assert others’ potential access-to-courts claims.
Without a showing of an actual denial of access to courts in a specific factual context, the Provider Plaintiffs lack standing to assert this claim.[4] The real parties in interest — injured motorists whose ability to sue tortfeasors has been impermissi-bly limited — are absent from this case. The Provider Plaintiffs’ attempt to bootstrap the standing requirement by joining the fictional “Jane Doe,” purporting to represent all Florida citizens that were, are, or will be injured as a result of a motor vehicle collision, must likewise fail. The instant record does not provide a factual context or legal basis to support this hypothetical claim.
Because Appellees made no colorable showing of standing to proceed on the access-to-courts claim, we reverse the order granting injunctive relief.
REVERSED.
THOMAS, WETHERELL, and RAY, JJ., concur.

. The complaint alleged violations of the “single subject” rule, due process, separation of powers, equal protection, the right to be rewarded for industry, the right to work regardless of union membership, the prohibition against impairment of contracts, and the right of access to courts.

. The trial court did not address the standing of the "Jane Doe” plaintiff in its order.

. We reinstated the automatic stay by separate order issued concurrent with this opinion.

. The instant case does not invoke the limited exception to the general rule that "a litigant must assert his or her own legal rights and interests, and cannot rest a claim for relief on the legal rights and interests of third parties.” Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 941 (Fla.2002) (quoting Powers v. Ohio. 499 U.S. 400. 410. 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)). The Provider Plaintiffs did not advance a third-party standing argument below, and there is no apparent reason why Floridians whose access-to-courts rights are infringed by the 2012 PIP Act cannot bring their own constitutional challenge. See Sancho, 830 So.2d at 864.