IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BAKER COUNTY MEDICAL
SERVICES, INC., d/b/a ED
FRASER MEMORIAL
HOSPITAL,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4988

      Appellant,

v.

STATE OF FLORIDA,
AGENCY FOR HEALTH CARE
ADMINISTRATION, and WEST
JACKSONVILLE MEDICAL
CENTER, INC., a foreign
corporation,

      Appellee.

_____/

Opinion filed October 15, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Geoffrey D. Smith, Susan C. Smith, and Kara L. Gross, of Smith & Associates, Tallahassee, for Appellant.

Tracy Cooper George, Chief Appellate Counsel, Agency for Health Care Administration, Tallahassee; Stephen A. Ecenia, J. Stephen Menton, and R. David Prescott, of Rutledge Ecenia, P.A., Tallahassee, for Appellee.

MAKAR, J.,

Baker County Medical Services, which operates Ed Fraser Memorial Hospital in Macclenny, Florida, contests the legality of the duration of the term of a certificate of need issued to West Jacksonville Medical Center, Inc., for the construction of a new 85-bed hospital in western Duval County. The certificate, which was issued in 2010 under the terms of a settlement agreement arising from administrative litigation between West Jacksonville and a nearby competitor, St. Vincent's Hospital, would not become effective until mid-2013 with licensure to follow no earlier than December 2016. The new hospital has not been built; indeed, land has yet to be acquired for the project. Fraser Hospital, which was not a party in the administrative forum, filed its legal challenge in the circuit court, which dismissed it with prejudice as an impermissible collateral attack on the certificate's issuance, leading to this appeal. We must decide whether the challenge in circuit court is permissible.

## I.

Certificates of need entitle their holders to build certain types of "health-care-related project," such as hospitals, see § 408.036(1)(a), Fla. Stat. ("Projects subject to review; exemptions"), the ostensible purpose being to contain health care costs by allowing for government coordination and planning in place of what would otherwise be a free market. See generally National Conference of State

2

Legislatures, Certificate of Need: Health Laws and Programs, http://www.ncsl.org/research/health/con-certificate-of-need-state-laws.aspx (overview of certificate of need programs nationwide) (last visited August 4, 2015). Absent a certificate, a competing company may not enter the marketplace unless it demonstrates administratively the need for a proposed facility and receives its own certificate of need; to do otherwise is a second degree misdemeanor. § 408.041, Fla. Stat. Incumbents are shielded partially from economic competition for the duration of their certificates. As a result, litigation over certificates of need can be as intense as market competition itself, resulting in lobbying and litigation to prevent market entry to retain the competitive advantages that incumbent certificate holders possess. See, e.g., Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 738 (1976) (antitrust action by hospital alleging competing hospital violated federal antitrust laws by conspiracy to block its relocation and expansion stated claim affecting interstate commerce); Kottle v. Nw. Kidney Ctrs., 146 F.3d 1056 (9th Cir. 1998) (lobbying efforts of competitor to prevent applicant from receiving certificate of need protected as constitutionally-permissible petitioning of government); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 955 (11th Cir. 1986) (misrepresentations to state health care agency that passes upon certificate applications actionable under antitrust laws); see generally Patrick John McGinley, Beyond Health Care Reform: Reconsidering Certificate of

3

Need Laws in a "Managed Competition" System, 23 Fla. St. U. L. Rev. 141 (Summer 1995) (discussing the conflict between certificates of need and managed competition); Scott D. Makar, Anticompetitive Actions in the Administrative Forum: Antitrust and State Law Remedies, Fla. B.J., Feb. 1992, at 33, 37 (noting that "persons aggrieved by anticompetitive administrative actions may consider state administrative law remedies that provide limited remedies for 'improper' or 'frivolous' administrative actions.").

Florida's Agency for Health Care Administration, universally known as AHCA, administers the State's certificate of need program. Almost all trial-level litigation involving certificates of need occurs in the administrative forum before an administrative law judge whose orders are subject to AHCA's approval. This case is different because Fraser Hospital did not participate in the administrative proceedings that ultimately resulted in AHCA's issuance of the certificate of need at issue. Rather, Fraser Hospital initiated a circuit court proceeding in December 2013 without having participated or intervened in the administrative process that terminated three years earlier. Because dismissal of Fraser Hospital's amended complaint is the focus of our inquiry, we recite its relevant allegations.

In 2009, West Jacksonville sought a certificate of need for construction of a new hospital within the sub-district encompassing a number of existing hospitals, including Fraser Hospital. Litigation ensued, initiated by St. Vincent's Hospital

4

which protested the need for the certificate. Within the year, West Jacksonville and St. Vincent's entered into a settlement agreement in November 2010, which was presented to and approved by AHCA, resulting in the issuance of a certificate of need that included the requirement that its "validity period shall not commence to run until June 1, 2013." Existing statutory law provided that the validity period for a certificate of need expired 18 months after issuance, and could be extended only in limited circumstances such as when litigation or construction results in delays (discussed later). In addition, the certificate at issue specified that "[n]either [AHCA] nor West Jacksonville will license the hospital . . . prior to December 1, 2016." In effect, a six-year period from certificate issuance to hospital licensure was established administratively pursuant to the terms of the settlement agreement.

Fraser Hospital asserted that AHCA had no statutory authority to delay the validity period of the certificate, and that none of the statutory grounds for extensions had been sought. Rather, the economic upturn that made the new hospital appear viable was followed by a severe economic downturn that made it economically infeasible unless it invaded the markets of neighboring hospitals, such as Fraser Memorial (and St. Vincent's).

In its initial complaint, Fraser Hospital sought a declaratory judgment that the certificate at issue, by the terms of the applicable statute, must terminate after 18 months and thereby expired on or about June 7, 2012. It also claimed that

5

AHCA lacked the statutory authority to extend or delay the start of the validity period of the certificate. Rather than extend or delay the start of the validity period, Frasier Hospital contended that the only appropriate process would be for West Jacksonville to initiate a new request for a certificate of need. Its amended complaint was identical to the first except for the allegations that AHCA's authority was statutorily limited and that the validity period of a certificate of need set by statute could not be extended by agreement or stipulation of the parties in an administrative proceeding.

Both West Jacksonville and AHCA moved to dismiss the amended complaint, pointing out that Fraser Hospital failed to participate in the administrative proceedings thereby waiving its only opportunity to contest the lawfulness of the certificate's duration; dismissal was also appropriate because the judicial relief sought in the circuit court was an inappropriate vehicle to challenge an administratively-issued certificate of need. Whatever claim Fraser Hospital made about the validity of the certificate's duration had to be asserted in the administrative forum, making a declaratory judgment action an improper collateral attack on AHCA's final order. The trial court, agreeing with West Jacksonville and AHCA, held in relevant part that a "declaratory judgment is an unauthorized collateral attack on final agency action. [AHCA] acted in accordance with its statutory authority in entering the Final Order and Settlement Agreement granting

6

[the certificate] and extending the validity period of [the certificate]. See § 408.040(2)(c), Fla. Stat. [AHCA] did not act without colorable statutory authority in issuing the Final Order." This appeal ensued.

## II.

In assessing the viability of Fraser Hospital's action in circuit court, the trial court recognized the heavy burden to be overcome to allow a collateral attack against final agency action; policy considerations—such as the finality of judgments—strongly disfavor such actions absent a showing that an agency's challenged action is so lacking in statutory authority that an exception should be made. Dep't. of Envtl. Reg. v. Falls Chase Special Taxing Dist., 424 So. 2d 787, 794 (Fla. 1st DCA 1982) ("Only in exceptional cases may the courts assume jurisdiction to render declaratory and/or injunctive relief without requiring exhaustion of administrative remedies. A challenge to agency jurisdiction on persuasive grounds is a widely recognized exception to the exhaustion doctrine.") (citation and footnote omitted); Dep't of Health v. Curry, 722 So. 2d 874, 878 (Fla. 1st DCA 1998) ("The doctrine which requires the exhaustion of administrative remedies is based upon considerations of policy, rather than of jurisdiction.") (citation omitted). This judicially-created exception provides that it is permissible to pursue declaratory relief in a circuit court—without first pursuing and exhausting administrative remedies—if "an agency acts without colorable statutory

7

authority that is clearly in excess of its delegated powers." Dep't of Agric. & Consumer Servs., 792 So. 2d 539, 546 (Fla. 4th DCA 2001); e.g., Curry, 722 So. 2d at 878 (outlining the basis for the exception, providing that when "an agency acts without the benefit of any rule, and in a manner clearly in excess of its statutory authorization, the action is invalid . . . ."); Falls Chase, 424 So. 2d at 796 (applying exception where DEP had no jurisdiction to regulate dredge and fill activities on land in question, and affirming declaratory action granted in favor of plaintiffs).

Our task here is to determine whether AHCA's actions, as alleged in Fraser Hospital's amended complaint, are clearly beyond the statutory boundaries the Legislature has established for the regulation of certificates of need, thereby allowing direct resort to the circuit court. See Falls Chase, 424 So. 2d at 794-95 ("judicial intervention with administrative action is justified only in those instances where the invalidity of the administrative act is not subject to reasonable differences of opinion.") (quoting Odham v. Foremost Dairies, Inc., 128 So. 2d 586, 592-93 (Fla. 1961)). The starting point is the statutory framework that establishes the duration of certificates of need and any exceptions that give AHCA room to delay their issuance or extend them beyond their termination date.

No one disputes that the certificate at issue is subject to the statute providing that "[u]nless the applicant has commenced construction . . . a certificate of need

8

*shall terminate* 18 months after the date of issuance . . . ." § 408.040(2)(a), Fla. Stat. (2010) (emphasis added). Fraser Hospital points to this definitive statutory termination date as its first building block, the second being that AHCA cannot point to a statute that gives it "colorable" authority to delay or extend this 18 month period. AHCA and West Jacksonville counter that sections 408.040(2)(c), 408.015(2)-(3), and 120.57(4), Florida Statutes, collectively provide authority for AHCA's actions. Turning to the trial court's order, we first address whether AHCA had the statutory authority to extend the time for when the certificate's validity period commenced under section 408.040(2)(c), which states:

> (c) The certificate-of-need validity period for a project *shall* be extended by the agency, to the extent that the applicant demonstrates to the satisfaction of the agency that good-faith commencement of the project is being delayed by litigation or by governmental action or inaction with respect to regulations or permitting precluding commencement of the project.

§ 408.040(2)(c), Fla. Stat. (emphasis added). This two-fold exception, which the italicized verb suggests is mandatory, applies if litigation or governmental action/inaction has delayed the commencement of a project. See, e.g., Health Quest Corp. IV v. Dep't of HRS, 593 So. 2d 533, 535 (Fla. 1st DCA 1992) (applying litigation exception).

As to the former, the only litigation that could have formed the basis for delaying the "commencement of the project" was the administrative litigation between West Jacksonville and St. Vincent's. But that dispute was resolved prior

9

to, and formed the basis of, the settlement agreement upon which the certificate was ultimately issued. Because that proceeding was complete *before* the certificate issued, it could not form the basis for a *subsequent* delay in commencement of the hospital project. And the current litigation, which post-dated the certificate's issuance by three years, could not be the basis for the initial lengthy duration established in the certificate. Simply because the private parties' settlement arose out of litigation doesn't give the agency license to invoke this statutory exception; even if it was applicable, AHCA's rules only permit up to a 60-day extension of the validity period per request, reflecting that legitimate extensions for litigation or government action/inaction must be supportable and of limited duration. See Fla. Admin. Code R. 59C-1.018(3)(a) (2015).

What's more, the recitals in the settlement agreement, signed by the private parties and AHCA, make clear that it was not the litigation itself, which lasted less than a year, that created concern for the commencement of the project; instead, it was "the current condition of the economy, and the time required for planning, permitting, and construction of a general hospital" that ostensibly made it necessary for West Jacksonville to "schedule the opening [of its hospital] approximately six years into the future . . . ." In other words, the economic downturn spawned by the Great Recession was the precipitating event—not litigation or some identifiable governmental action/inaction—that raised the

10

specter of potentially delayed construction for which market entry six years down the road was deemed appropriate.

In the midst of the financial crisis and its effects on health-care-related projects, the Legislature in its 2009 session amended section 408.040(2)(a) to provide that certificates of need "issued on or before April 1, 2009, shall terminate 36 months after the date of issuance." § 408.040(2)(a), Fla. Stat. See Ch. 2009-223, Laws of Fla., § 14 (amending section 408.040, Fla. Stat. (2009)).[1] Stated differently, the Legislature provided relief for those holding certificates issued before April 1, 2009—who presumably had the economic rug pulled out from under them—by statutorily giving them 18 additional months for their validity periods. This statutory accommodation, however, was not extended to those entities, such as West Jacksonville, who obtained certificates after April 1, 2009. The Legislature's grant of a specific statutory exemption to one class of certificate holders strongly suggests that no statutory authority exists for all others, else AHCA could simply delay or alter the terms of any certificate, whenever issued and for whatever length, for economic reasons. See, e.g., Fla. Virtual Sch. v. K12, Inc., 148 So. 3d 97, 99-100 (Fla. 2014) ("An agency created by statute does not

---

[1] For a very brief time, from May 19, 2009 to June 30, 2009, the Legislature extended the validity period for certificates of need to 36 months without qualification. See Ch. 2009-45, Laws of Florida, § 1 (amending section 409.040, Fla. Stat. (2009)). Chapter 2009-223 changed that effective July 1, 2009, to apply to only pre-April 1, 2009 certificates.

possess any inherent powers. Rather, the agency is limited to the powers that have been granted, either expressly or by necessary implication, by the statute that created the agency."); see also Dialysis Solution, LLC v. Mississippi State Dep't. of Health, 31 So. 3d 1204, 1213-14 (Miss. 2010) (statute limiting duration of certificates of need "indicates that the Legislature wanted to control through statute the time period for which a CON could be outstanding. Presumably, the Legislature would not have enacted [the statute] if it had intended CONs to remain valid indefinitely or until the [agency] chose to revoke them.").

West Jacksonville and AHCA point to the breadth of the agency's powers, which include the authority to enter into "contracts and execute all instruments necessary or convenient for carrying out its business" and "agreements with any . . . private individual, partnership, firm, corporation, association, or other entity." §§ 408.15(2) & (3), Fla. Stat.; see also § 120.57(4), Fla. Stat. ("Informal disposition.--Unless precluded by law, informal disposition may be made of any proceeding by stipulation, agreed settlement, or consent order."). Indeed, though unmentioned in the briefs, AHCA may "[e]xercise all other powers which are reasonably necessary or essential to carry out the expressed intent, objects, and purposes of this chapter, unless specifically prohibited in this chapter." Id. § 408.15(10). We have no disagreement that AHCA's powers, express and implied, are bountiful; after all, its mission is to oversee one of the nation's largest

12

health care marketplaces. Yet we find no principle of law allowing an agency, even one with the gravity of AHCA's charge, to exceed its delegated statutory authority simply because private parties to a settlement agreement deem it mutually beneficial. This point is particularly important because agreements of competing health care companies raise antitrust concerns, making it important that a state's regulatory actions—including issuance of certificates of need—are pursuant to clearly articulated and affirmatively expressed legislative directives. Given the "fundamental national values of free enterprise and economic competition that are embodied in the federal antitrust law," F.T.C. v. Phoebe Putney Health Sys., Inc., 133 S. Ct. 1003, 1010 (2013), "[w]hen a State empowers a group of active market participants to decide who can participate in its market, and on what terms, the need for supervision is manifest." N. Carolina State Bd. of Dental Exam'rs v. F.T.C., 135 S. Ct. 1101, 1114 (2015); see generally Scott D. Makar, Antitrust Immunity Under Florida's Certificate of Need Program, 19 Fla. St. U. L. Rev. 149, 150 (1991) (discussing contours of immunity under Florida's then-existing certificate of need program). Informal disposition of proceedings via settlement agreements are permissible, if not encouraged for efficiency's sake, provided they are within the lawful authority of the agency. § 120.57(4), Fla. Stat.

We have searched for the existence of colorable statutory authority for AHCA's action in this case, but found none. Frasier Hospital's claim falls into the

limited category of cases allowing for direct resort to a circuit court without exhaustion of remedies. The trial court, which had jurisdiction over the claim, should not have dismissed the action with prejudice. Under ordinary circumstances, the certificate of need at issue would have expired after 18 months, on June 7, 2012, but was extended well beyond that date by the agency's action; indeed, the validity period did not commence until a year later on June 1, 2013. Even then, AHCA agreed *not* to license the hospital prior to December 1, 2016. Whatever authority AHCA has, colorable or apparent, is not so elastic as to allow an effective quadrupling of the statutorily set validity period. To do so would allow the "banking" of certificates well-beyond their legislatively-set duration, which runs contrary to the statutory framework allowing for applications (and reapplications) in biennial review/batching cycles so that health care projects can be proposed, compared, and authorized expeditiously by AHCA in response to the dynamics of the often-shifting health care marketplace. See § 408.039, Fla. Stat. ("The agency by rule shall provide for applications to be submitted on a timetable or cycle basis; provide for review on a timely basis; and provide for all completed applications pertaining to similar types of services or facilities affecting the same service district to be considered in relation to each other no less often than annually."); Rule 59C-1.008(1), Fla. Admin. Code (2015) (providing for "two batching cycles annually" for comparative review). The Legislature could grant the

agency the power to delay the issuance of certificates (even indefinitely as Fraser Hospital posits), or to extend their durations for reasons other than the statutory grounds of litigation or governmental action/inaction; but it has not done so, and we find no reasonable extrapolation of the agency's existing authority to support the actions alleged in Fraser Hospital's amended complaint.

All this said, we point out that our decision allows Fraser Hospital's foot in the circuit court's door; it does not mean, however, that the hospital prevails. Both West Jacksonville and AHCA may raise affirmative defenses, such as whether Fraser Hospital knew or was on notice of the certificate's issuance (or purported termination date of June 7, 2012), but failed to take timely action to protect its interest thereby constituting a waiver. Fraser Hospital says it wasn't notified, couldn't have anticipated the lengthy duration of the certificate at issue, and justifiably assumed that the validity period of the certificate would terminate no more than 18 months from its issuance; but these are factual matters to be fleshed out in the proceedings. We also note the uniqueness of the facts presented: an elongated postponement of the validity period for a proposed hospital that currently lacks even a location, no land having yet been acquired. Were the footings of the hospital dug and construction well underway, the equities of challenging the legality of this extended period might be different.

15

III.

The dismissal of Fraser Hospital's amended complaint, seeking a declaration that the issuance of West Jacksonville's certificate of need exceeded AHCA's statutory authority, is reversed.

REVERSED

RAY, and SWANSON, JJ., CONCUR.