# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-1372
_____

TROPIFLORA, LLC, as agent for
MariJ Agricultural, Inc., and
Dennis and Linda Cathcart,
d/b/a TropiFlora Nursery,

      Appellant,

      v.

FLORIDA DEPARTMENT OF
HEALTH,

      Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

September 7, 2022

RAY, J.

This appeal arises from a final judgment for the Florida Department of Health in an action brought by TropiFlora, LLC, as agent for MariJ Agricultural, Inc. and Dennis and Linda Cathcart d/b/a TropiFlora Nursery, seeking a declaration that it is entitled to licensure as a medical marijuana treatment center under section 381.986(8)(a)2.1., Florida Statutes (2019). For the reasons below, we affirm.

## I.

In July 2015, TropiFlora applied for one of five regional licenses in the state to cultivate and distribute medical marijuana as a dispensing organization ("DO") under the now-repealed Compassionate Medical Cannabis Act of 2014 (the "2014 Law"). Only nurseries meeting certain statutory criteria could apply for DO licensure. § 381.986(5)(b)1., Fla. Stat (2015). As part of the application process, the nurseries needed to provide certified financial statements to the Department to show "[t]he financial ability to maintain operations for the duration of the 2-year approval cycle." § 381.986(5)(b)5., Fla. Stat. Through negotiated rulemaking, the Department established procedures for DO application, approval, and authorization. Fla. Admin. Code R. 64-4.001(1), 64-4.002(2)(f)1. (2015). These rules included a warning that if applicants failed to provide the required documentation, their application would be denied prior to scoring. Fla. Admin. Code R. 64-4.002(4).

TropiFlora's application included a certificate of nursery registration issued to TropiFlora, but it did not include certified financial statements for TropiFlora itself. Instead, it relied on financial statements for MariJ, a separate corporate entity from TropiFlora. Neither MariJ nor the Cathcarts applied for licensure, and neither of them satisfies the requirements for licensure.

The Department notified TropiFlora that the company's application failed to include the statutorily required financial statements. Although the Department gave TropiFlora fourteen days to cure the deficiency, TropiFlora failed to do so. Instead, it contended that because MariJ was a "shareholder" of TropiFlora, it believed the financial statements of MariJ were enough to comply with the statute and rules. In November 2015, the Department notified TropiFlora that its application was denied for failure to cure the cited deficiency.

TropiFlora filed a formal written protest under chapter 120, Florida Statutes, challenging the denial of its license application (the "2015 Petition"). The Department referred the petition to the Division of Administrative Hearings, which consolidated TropiFlora's proceeding with the proceedings of other challengers

for the same regional license. But two months before the scheduled final hearing, TropiFlora instituted the circuit court action at issue in this appeal and voluntarily dismissed its administrative petition, abandoning its administrative remedy before the process was completed.

TropiFlora later filed an amended complaint in circuit court "as agent for" MariJ and the Cathcarts. Both the complaint and amended complaint stemmed from chapter 2016-123, Laws of Florida (the "2016 Law"), a then-recent statutory amendment that authorized a limited expansion of available DO licenses within the five regions. In TropiFlora's view, the 2016 Law allowed an applicant that was previously denied DO approval to sue in circuit court and obtain a de novo determination on entitlement to licensure.

While the amended complaint was pending, the legislature completely rewrote section 381.986, Florida Statutes (the "2017 Law"), to implement a constitutional amendment approved by the voters in late 2016. The amendment allows qualifying patients to access medical marijuana with higher THC content and authorizes the use of medical marijuana to treat a broader range of medical conditions than the 2014 Law. *See* art. X, § 29(b)(1), (b)(4), Fla. Const.

Relevant to this appeal, the 2017 Law no longer provided for the licensure of DOs, replacing them with medical marijuana treatment centers (MMTCs) that have additional requirements. The 2017 Law provided for the conversion of existing DO licenses to MMTC licenses and for the Department to issue additional MMTC licenses to certain former DO applicants whose applications were "reviewed, evaluated, and scored by the Department" under the 2014 Law. § 381.986(8)(a)2.a., Fla. Stat. (2017). The 2017 Law also retained (and moved) the requirement that applicants submit certified financial statements to the Department. § 381.986(8)(b)7., Fla. Stat. (2017).

After the 2017 Law went into effect, TropiFlora filed a second amended complaint, this time seeking a declaratory judgment that TropiFlora, MariJ, and the Cathcarts, collectively, were entitled to MMTC licensure under the 2017 Law. TropiFlora contended that

3

its application should have been scored by the Department in 2015 and if it were scored by the Department now, TropiFlora would be entitled to an MMTC license.

Then, in August 2018, while the declaratory judgment action was still pending, TropiFlora sent a formal request to the Department for MMTC licensure under the 2017 Law. The Department denied the request, and TropiFlora filed an administrative petition contesting that denial (the "2018 Petition"). In short, TropiFlora raised the same argument at issue in its circuit court action—that "but for" the Department's improper refusal to score its 2015 application, TropiFlora would be entitled to an MMTC license under the 2017 Law.

The Department dismissed TropiFlora's petition with prejudice and denied its request for MMTC licensure. The Department found that TropiFlora did not (and cannot) meet the criteria for MMTC licensure because its 2015 application was not "reviewed, evaluated, and scored," as required for MMTC licensure under the 2017 Law. The Department also concluded that by voluntarily dismissing its 2015 Petition, TropiFlora had waived any challenge to the Department's decision not to score its application. Although the final order included the statutorily required notice advising TropiFlora of its right to judicial review, TropiFlora let that right expire without filing an appeal.

About nine months later, the circuit court held a bench trial on TropiFlora's second amended complaint. In the end, the court concluded that TropiFlora was not entitled to relief based on five independent and alternative grounds. First, TropiFlora lacked standing to bring the action as an agent for MariJ and the Cathcarts. Second, TropiFlora's claim is barred by the doctrines of administrative finality and the exhaustion of administrative remedies. Third, TropiFlora does not and cannot satisfy the minimum statutory requirements for MMTC licensure under the 2017 Law. Fourth, the Department did not have to score incomplete applications. And fifth, the court could not compel the Department to score TropiFlora's application under the now-repealed 2014 Law. This appeal followed.

4

## II.

Of the five independent and alternative rulings of the trial court, we conclude that each was sufficient on its own to support an entry of final judgment in favor of the Department.

## A.

We turn first to the issue of standing; that is, whether TropiFlora could bring this action "as agent for" MariJ and the Cathcarts. Whether a party has standing is a pure question of law that we review de novo. *McCarty v. Myers*, 125 So. 3d 333, 336 (Fla. 1st DCA 2013). "Florida Rule of Civil Procedure 1.210(a), the real party in interest rule, 'permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.'" *Robinson v. Nationstar Mortg., LLC*, 301 So. 3d 1059, 1062 (Fla. 2d DCA 2019) (quoting *Russel v. Aurora Loan Servs., LLC*, 163 So. 3d 639, 642 (Fla. 2d DCA 2015)). The "real party in interest" is "the person in whom rests, by substantive law, the claim sought to be enforced." Fla. R. Civ. P. 1.210 cmt.

Here, TropiFlora sought to act as a nominal plaintiff, bringing the declaratory judgment action *on behalf of* or *as the agent for* MariJ and the Cathcarts. But the undisputed evidence showed that MariJ and the Cathcarts are not the real parties in interest. TropiFlora was the entity that applied for DO licensure in 2015, not MariJ or the Cathcarts. Neither MariJ nor the Cathcarts ever applied for a license. Nor could they, because they did not and cannot satisfy the requirements for either DO or MMTC licensure. Thus, individually, MariJ and the Cathcarts have no personal and individual stake in DO licensure, and the trial court correctly determined that TropiFlora cannot sue on their behalf. *See Reibel v. Rolling Green Condo. A, Inc.*, 311 So. 2d 156, 158 (Fla. 3d DCA 1975) (holding that the trial court erred by denying the defendant's motion to dismiss when the plaintiffs seeking a declaratory judgment were not the real parties in interest and thus lacked standing).

5

B.

Even if TropiFlora had standing to sue on behalf of MariJ and the Cathcarts, we would affirm the order on appeal because TropiFlora failed to challenge all of the independent, alternative reasons the trial court relied on for granting final judgment in the Department's favor. *See B.T. v. Dep't of Child. & Fams.*, 300 So. 3d 1273, 1278–79 (Fla. 1st DCA 2020); *see also Boggs v. Aetna Cas. & Sur. Co.*, 341 So. 2d 1071, 1071 (Fla. 1st DCA 1977) (explaining "that when an order of the trial court purports to be based upon several alternative grounds it will not be disturbed on appeal if one of the grounds is sufficient for the action taken even though another recited alternative ground is erroneous").

In particular, TropiFlora failed to challenge the trial court's determination that TropiFlora does not satisfy the statutory requirements for MMTC licensure under the 2017 Law. Nor can it. The statute expressly limits licensure to those applicants whose applications were "scored" by the Department. § 381.986(8)(a)2.a., Fla. Stat. So regardless of whether TropiFlora's application should have been scored when it was submitted in 2015, the fact remains that it was not. Thus, TropiFlora is ineligible, as a matter of law, for the MMTC license that it seeks.

C.

We also agree with the trial court that TropiFlora's complaint is barred by the doctrines of administrative finality and exhaustion of administrative remedies. TropiFlora abandoned its first administrative remedy and let the second one expire.

"The doctrine of decisional finality provides that there must be a 'terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein.'" *Fla. Power Corp. v. Garcia*, 780 So. 2d 34, 44 (Fla. 2001). An issue is precluded from being relitigated between the same parties when there are common facts and issues presented in different proceedings and there has not been a significant change in circumstances. *Id.*

6

The exhaustion of administrative remedies doctrine requires that "with rare exception relating usually to matters not cognizable in the circuit court, a party cannot resort to the courts for a decision until administrative remedies are exhausted." *City of Sunny Isles Beach v. Publix Super Mkts., Inc.*, 996 So. 2d 238, 239 (Fla. 3d DCA 2008). "The exhaustion requirement includes 'pursuing an appeal from an administrative ruling where a method of appeal is available.'" *Agency for Health Care Admin. v. Best Care Assurance, LLC*, 302 So. 3d 1012, 1015 (Fla. 1st DCA 2020) (quoting *Robinson v. Dep't of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012)).

Although in exceptional cases a declaratory judgment action may be used to collaterally attack a final agency action, this is not one of those cases. *See Baker Cnty. Med. Servs., Inc. v. State*, 178 So. 3d 71, 74–75 (Fla. 1st DCA 2015) (recognizing such an exception if an agency acts in excess of its statutory authority or without the benefit of any rule); *Sch. Bd. of Leon Cnty. v. Mitchell*, 346 So. 2d 562, 565–68 (Fla. 1st DCA 1977) (reaffirming that declaratory judgment actions may not replace established procedures of administrative appeal or review, except when agencies act beyond their powers or flagrantly violate the constitutional or statutory rights of a party).

Here, the Department's actions were not excessive or arbitrary. Instead, the Department acted well within its duties under the rules and enabling statute when it denied TropiFlora's application for DO licensure because TropiFlora failed to provide the required financial information. The Department then provided TropiFlora with the statutorily required notice and opportunity to challenge that decision. TropiFlora pursued administrative review, but later voluntarily dismissed its 2015 Petition and abandoned its remedy before the administrative process concluded. When the Department dismissed TropiFlora's 2018 Petition challenging the denial of its request seeking MMTC licensure, the company chose not to seek judicial review of that final order. Thus, TropiFlora cannot use a declaratory judgment action to collaterally attack those decisions now. *See Hollywood Lakes Section Civic Ass'n, Inc. v. City of Hollywood*, 676 So. 2d 500, 501 (Fla. 4th DCA 1996) ("The 'declaratory decree statute is no substitute for established procedure for review of final judgments

7

or decrees. Nor is it a device for collateral attack upon them.'" (quoting *deMarigny v. deMarigny*, 43 So. 2d 442, 445 (Fla. 1949))).

In reaching our decision, we have not overlooked TropiFlora's argument that the Department had a non-discretionary duty to score its application. We simply disagree. The rules and enabling statute require a nursery to provide certified financial statements before its application can be considered. Despite several amendments, section 381.986 has always required an applicant to provide financial statements as a condition of licensure. *Compare* § 381.986(5)(b)5., Fla. Stat. (2014), *with* § 381.986(8)(b)7., Fla. Stat. (2021); *and see* Fla. Admin. Code R. 64-4.002(2)(f)1., (4) (requiring an applicant to provide certified financials and warning that incomplete applications will not be scored). The statute and rules are in harmony, and they do not contemplate scoring or approving an incomplete application. The Department gave TropiFlora a chance to correct the deficiency in its application, but TropiFlora failed to do so and reasserted its belief that MariJ's financial statements were sufficient. Thus, the Department properly denied TropiFlora's application for failing to provide the required documentation.

## D.

Finally, the trial court correctly concluded that it could not compel the Department to score TropiFlora's application under the standards in effect in 2015. Even if a declaratory judgment action could be used to collaterally attack the Department's decision, courts must apply the licensure law in effect when the licensing decision is made, not the law in effect when the application is submitted. *Lavernia v. Dep't of Pro. Regul., Bd. of Med.*, 616 So. 2d 53, 53–54 (Fla. 1st DCA 1993) ("Florida follows the general rule that a change in a licensure statute that occurs during the pendency of an application for licensure is operative as to the application, so that the law as changed, rather than as it existed at the time the application was filed, determines whether the license should be granted.").

All previous versions of section 381.986 were repealed in 2017. *See Oldham v. Rooks*, 361 So. 2d 140, 143 (Fla. 1978) ("[W]hen the legislature makes a complete revision of a subject, it serves as an

8

implied repeal of earlier acts dealing with the same subject unless an intent to the contrary is shown."). The law now authorizes the licensure of MMTCs, not DOs. TropiFlora's 2015 application addressed only the then-existing legal requirements for DO licensure, not the current requirements for MMTC licensure.

TropiFlora seeks a DO license under a now-repealed law, and no court or agency can grant the requested relief. *See Ocampo v. Dep't of Health*, 806 So. 2d 633, 634 (Fla. 1st DCA 2002) ("An administrative agency is a creature of statute" and it "can only do what it is authorized to do by the Legislature."); *Fla. Ass'n of Rehab. Facilities, Inc. v. Dep't of Health & Rehab. Servs.*, 526 F.3d 685, 690 (11th Cir. 2008) (affirming the dismissal of appellant's action for declaratory relief because it was rendered moot by the repeal of the statute underlying the claim); *see also Arick v. McTague*, 292 So. 2d 31, 32 (Fla. 1st DCA 1973) (holding that the trial court reversibly erred by applying a statute that had been repealed after the date of an accident but before the entry of summary judgment).

AFFIRMED.

JAY and TANENBAUM, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Steven R. Andrews of the Law Office of Steven R. Andrews, P.A., Tallahassee; and Cynthia A. Myers of the Law Office of Cynthia A. Myers, P.A., Tallahassee, for Appellant.

Eduardo S. Lombard and Angela D. Miles of the Radey Law Firm, Tallahassee, for Appellee.